KLEES, Judge.
Plaintiff Luther Conway appeals the district court’s judgment maintaining an exception of prescription filed by defendants Ernestine Hamilton and Cecilia McGhee. We affirm.
In March 1984, plaintiff filed suit against Hibernia Bank alleging that it had negligently paid from plaintiff’s account during 1983 numerous checks upon which plaintiff's signature had been forged. In the petition, plaintiff named Cecilia McGhee as the payee on certain checks and Ernestine Hamilton as the payee on others, but did not name either of these parties as a defendant. Hibernia then brought in McGhee and Hamilton as third party defendants.
At the request of the parties, the trial date was continued several times. On June 21, 1988, nearly four years after filing his original petition, plaintiff filed a First Supplemental and Amended Petition naming McGhee and Hamilton as defendants. Defendants responded to the petition by filing a dilatory exception claiming that the supplemental petition had been filed without leave of court or written consent of the adverse party in violation of Louisiana Code of Civil Procedure article 1151. This exception was apparently never acted upon by the court. However, on August 19, 1988, plaintiff filed a Second Supplemental and Amending Petition purporting to add the necessary Order of court to the First Supplemental and Amending Petition. Although this Order was signed, plaintiff failed to obtain leave of court to file the Second Supplemental and Amending Petition. Then, on August 29, 1988, plaintiff filed a motion to dismiss his claim against Hibernia Bank as fully compromised, reserving his rights against the two individual defendants. Hibernia subsequently dismissed its third-party claim against McGhee and Hamilton.
McGhee and Hamilton then filed an exception of prescription, which was maintained by the trial judge without written reasons on December 6, 1988. Plaintiff now appeals the dismissal of his suit on the exception.
*1043 Plaintiff’s primary argument on appeal is that the filing of his original petition in 1984 interrupted prescription against McGhee and Hamilton because as the forger and payee of the checks, respectively, they were solidarily liable with Hibernia. The Louisiana Civil Code provides that a suit against one solidary obligor interrupts prescription as to the others. See LSA-C.C. arts. 1798, 1799. Therefore, plaintiff contends that the one year prescription for torts had not run by the time he filed his supplemental petitions because it had been interrupted. As an adjunct, plaintiff argues that the failure of the district judge to sign the Order permitting the filing of the Second Supplemental and Amending Petition was merely a clerical error which this court should correct on appeal.
We find no merit in plaintiffs contentions. Even assuming arguendo that the supplemental petition was properly filed, plaintiff has not alleged sufficient facts to show a solidary obligation among Hibernia and the individual defendants. Civil Code article 1794 states that an obligation is solidary when each obligor is liable for the whole performance. Moreover, solidarity of obligation cannot be presumed, but must arise from a clear expression of the parties’ intent or from the law. LSA-C.C. art. 1796. Finally, prescription is interrupted only if the parties are soli-dary obligors when suit is filed against one of the parties. LSA-C.C. art. 1793.
In this case, the allegations of plaintiff’s petition, even if proven, do not establish that either party would be liable for the whole performance sought by plaintiff. In his original petition, he alleges only that McGhee was the payee on certain specified checks and that Hamilton was the payee on others. He further alleges that McGhee has admitted that between June and December of 1983, she did remove without plaintiff’s knowledge “certain” checks from his checkbook which she wrote out to her mother, Ernestine Hamilton. The petition alleges that McGhee admits to having appropriated to her own use approximately $16,000 to $18,000 of plaintiff’s funds. As for Hamilton, it is alleged that she signed as payee on “some” of the checks taken by her daughter and converted those funds to her own use. Hibernia is alleged to have negligently paid all the checks specified and to be holding additional checks in the sum of $3,000 to $5,000 which it refuses to turn over to plaintiff.
From the allegations made, we do not find that either party would be liable for the whole performance, as is required to establish a solidary relationship. Plaintiff’s own list of checks in the original petition shows that Ms. Hamilton was involved in some but not in others. Also, Hibernia is alleged to be holding more checks about which no information is known. Finally, whereas plaintiff alleges that Ms. McGhee has admitted to converting $16,000 to $18,000, his suit asks for $150,000. From the face of the petition, the only party who could be liable for the whole performance is Hibernia. Therefore, we cannot presume a solidary obligation under the facts of this case.
As prescription was not interrupted by the suit against Hibernia, the trial court correctly dismissed plaintiff’s action against McGhee and Hamilton as being prescribed. . This conclusion makes it unnecessary for us to consider whether the supplemental petition can be given any effect in the absence of an order permitting its filing.
Accordingly, for the reasons given, we affirm the judgment of the trial court dismissing plaintiff’s case.
AFFIRMED.