672 So.2d 1011 (1996)
Leon J. TOUZET
v.
V.S.M. SEAFOOD SERVICES, INC. and Amer Bader.
No. 96-C-0225.
Court of Appeal of Louisiana, Fourth Circuit.
March 27, 1996.
*1012 Clarence O. Dupuy, Jr., Gregory A. Dupuy, Dupuy & Dupuy, Metairie, for Relator, Gloria Farrell.
Paul A. Bonin, Bonin Law Firm, New Orleans, for Plaintiff/Respondent, Leon Touzet.
Before KLEES and BYRNES and MURRAY, JJ.
MURRAY, Judge.
Relator Gloria Farrell seeks review of the trial court's ruling denying her peremptory exception of no right of action. We grant the application for supervisory review, but deny relator relief.
Respondent Leon Touzet instituted the present litigation seeking cancellation of a lease with V.S.M. Seafood Services, Inc. and the lessee's eviction. Included as defendants were V.S.M. and Amer Bader, the sub-lessee. V.S.M. answered the suit and filed a reconventional demand seeking damages for the inability to sub-lease the property. Touzet answered the reconventional demand and supplemented his original petition, seeking damages for the destruction of his property. The trial court ruled on the eviction proceeding immediately, noting that it was a summary proceeding and that the other demands would be tried at a later date. On November 30, 1993, the trial court rendered judgment in favor of the plaintiff ordering the defendants to vacate the premises immediately. V.S.M. filed a motion for a suspensive appeal on December 3, 1993, which was granted upon the condition that an appeal bond in the amount of $10,000 be posted. Relator posted the requisite bond both personally and as secretary of V.S.M.
The appeal was docketed in this court. On December 9, 1993, Touzet filed a motion to dismiss the suspensive appeal bond on the basis that the defendant had failed to answer the eviction suit under oath. This court granted the motion to dismiss the suspensive appeal on February 11, 1994, but converted the appeal to a devolutive appeal. On December 15, 1994, this court affirmed the trial court's ruling ordering the defendant to vacate the premises in question.
Thereafter, Touzet filed a second supplemental and amending petition naming three additional defendants, one of which is the relator, Gloria Farrell. Touzet alleged in the petition that V.S.M. refused to vacate the premises after the dismissal of the suspensive appeal and had possession of the property from December 1993 to February 1994 without payment of rent. Touzet alleged that Farrell, as surety on the suspensive appeal, was liable in solido with V.S.M. for the rental payments due for the three months V.S.M. was in possession of the property.
Farrell filed a peremptory exception of no right of action arguing that she could not be held liable in solido with V.S.M. because the surety bond dissolved upon the dismissal of the suspensive appeal by the trial court. The trial court denied relator's exception of no right of action, and filed the instant application for supervisory review.
The peremptory exception of no right of action questions whether the party against whom it is asserted has an interest in judicially enforcing the right alleged against the exceptor. Thomas v. State of Louisiana, 545 So.2d 632 (La.App. 4th Cir.), writ denied, 551 So.2d 639 (La.1989). When considering the exception, the court must ask whether the plaintiff belongs to a particular class for which the law grants a remedy for a particular grievance or whether the plaintiff has an interest in judicially enforcing the right asserted. In re G.E.T., 529 So.2d 524 (La.App. 1st Cir.1988). The exception does not raise *1013 the question of the plaintiff's ability to prevail on the merits nor the question of whether the defendant may have a valid defense. Duplessis Cadillac, Inc. v. Creative Credit Services, Inc., 597 So.2d 1155 (La.App. 1st Cir.1992). Thus, we find no error in the trial court's denial of relator's exception of no right of action. Touzet does have a viable right of action against relator because he has an interest in judicially enforcing the rights he asserts in his petition.
Relator also argues that the trial court erred in allowing Touzet to file an amending and supplemental petition after the judgment of eviction had been rendered and affirmed on appeal. Relator argues that Touzet could not amend his petition after the rendition of the final judgment of eviction. However, relator fails to recognize that the original petition for damage to the property was and is still pending. The trial court did not err in allowing Touzet to amend and supplement his petition.
WRIT GRANTED, RELIEF DENIED.