753 So.2d 861 (1999)
WALLACE C. DRENNAN, INC.
v.
SEWERAGE & WATER BOARD OF NEW ORLEANS.
No. 98-CA-2423.
Court of Appeal of Louisiana, Fourth Circuit.
September 22, 1999.
*862 John I. Hulse, IV, Hulse & Wanek, New Orleans, Louisiana, Counsel for Plaintiff/Appellant.
Roy J. Rodney, Jr., Kim M. Boyle, Endya E. Delpit, Rodney, Bordenave, Boykin, Bennette & Boyle, New Orleans, Louisiana, Counsel for Defendant/Appellee.
Sidney H. Cates, IV, Carter & Cates, New Orleans, Louisiana, for Intervenor-Appellee Robinson Electrical.
Court composed of Judge WILLIAM H. BYRNES, III, Judge MOON LANDRIEU, and Judge MICHAEL E. KIRBY.
LANDRIEU, Judge.
Wallace C. Drennan, Inc. appeals from the district court's judgment of June 17, 1998, sustaining the exceptions of no cause of action and no right of action filed by the Sewerage & Water Board (S&WB). The district court dismissed with prejudice Drennan's petition for a preliminary injunction and its application for a writ of mandamus. We now reverse the district court's judgment.
Drennan and four other contractors submitted bids on Contract No. 6216, which was advertised by the S&WB on March 16, 1998. When the bids were opened on April 15, 1998, two bidders, Robinson Electrical Company, Inc. and John J. Hazard Drayage & Construction Company, submitted bids lower than Drennan's bid. Contending in administrative proceedings that neither of the lower bids was in accordance with the contract, plans, and specifications as advertised, Drennan argued to the S&WB that it was the lowest bidder in conformity with the advertised contract, plans, and specifications and that it should therefore be awarded the contract.[1] Drennan *863 asserted that Robinson's bid bond was made out to the City of New Orleans rather than the S&WB as required by the bid specifications. Drennan further alleged that both Robinson and Hazard specified disadvantaged business enterprises (DBEs) that had not been included on the list of certified and approved vendors provided by the S&WB, also as required by the bid specifications. Both of these variances were cited by the S&WB's staff counsel as unresponsive to the bid specifications. Accordingly, Drennan asserted that both Robinson's and Hazard's bids were invalid and should be rejected. The S&WB refused to do so; instead, it permitted Robinson to amend the bid bond to add the S&WB as an additional obligee and allowed Robinson to seek certification of the DBEs after the bid was submitted. The S&WB then awarded the contract to Robinson.
Drennan filed a petition for a preliminary injunction to prevent commencement of the work. It also applied for a writ of mandamus directing the S&WB to reject the bids of Robinson and Hazard and to award the contract to Drennan, or alternatively, to reject all of the bids and to reopen the bid process. Robinson intervened in the action. Drennan argued that the S&WB had no discretion to waive the variances in Robinson's bid and that the S&WB should have rejected the bid as invalid.
The S&WB filed exceptions of no cause of action and no right of action.[2] It alleged that Drennan was not the lowest bidder and, therefore, had no cause of action. It also alleged that Drennan's bid was unresponsive, because Drennan, who had specified zero percent DBE participation in its bid and had submitted the required affidavit explaining its efforts to achieve such participation, had neglected to include documentation in support of the affidavit. The S&WB's staff counsel had opined that Drennan's bid was unresponsive. However, Drennan, in its affidavit submitted with the bid, had stated that such proof was available at the S&WB's request. Drennan argued in response that the bid specifications required only the affidavit and not the supporting documentation to be submitted with the bid. It argued that the S&WB in the past had merely requested the documentation after initially determining compliance with the DBE objectives.
The district court found no cause of action, because Drennan was not the lowest bidder on the contract. The court also reasoned that Drennan's bid, by Drennan's own admission, was considered by the S&WB as unresponsive to the bid specifications, because Drennan had not provided "documentary evidence" supporting its affidavit that it could not meet the DBE goals, a requirement set forth in Section 5-06 of the bid package. Citing La.Rev. Stat. 38:2212 A(1)(a),[3] the court found the S&WB had acted within its authority to reject Drennan's bid on two grounds: (1) the bid was not in compliance with the bid specifications and (2) the bid was not the lowest offer.
As to the exception of no right of action, the district court concluded Drennan did not have standing to enjoin the S&WB from awarding the contract to the intervenor, Robinson, the lowest bidder. After holding that the contracting authority has the discretion to waive insubstantial deviations in the bid submitted by the lowest bidder, the court found Drennan's petition "clearly reflects the fact that Robinson complied with the bid specifications in all respects, with the exception of minor deviations *864 which could be corrected and/or waived by the contracting authority." On this reasoning, the court found the S&WB had acted within its discretion in awarding the project to Robinson. Upon concluding Drennan did not have standing to enjoin the awarding of the contract to Robinson, the court sustained the S&WB's exception of no right of action.
The court further found that amendment of the petition could not "cure the aforementioned deficiencies" and dismissed the action with prejudice.

LAW
The purpose of the peremptory exception of no cause of action is to determine the sufficiency in law of the petition. It questions whether the petition sufficiently alleges grievances for which the law affords a remedy. All well-pleaded allegations of fact must be accepted as true when considering an exception of no cause of action. The exception of no cause of action must be decided upon the face of the petition and any attached documents. Hoskin v. Plaquemines Parish Government, 98-1825, p. 10 (La.App. 4 Cir. 8/4/99), 743 So.2d 736. No evidence may be introduced at any time to support or controvert the objection that the petition fails to state a cause of action. La.Code Civ. Proc. art. 931.
The standard for granting an exception of no cause of action is as follows:
The burden of demonstrating that no cause of action has been stated is upon the mover or exceptor. In deciding the exception of no cause of action, the court must presume all factual allegations of the petition to be true and all reasonable inferences are made in favor of the nonmoving party. In reviewing a trial court's ruling sustaining an exception of no cause of action, the [appellate court] should subject the case to de novo review, because the exception raises a question of law and the lower court's decision is based only on the sufficiency of the petition.
In appraising the sufficiency of the petition, [the reviewing court] follow[s] the accepted rule that a petition should not be dismissed for failure to state a cause of action unless it appears beyond doubt that the plaintiff can prove no set of facts in support of any claim which would entitle him to relief. The question therefore is whether in the light most favorable to plaintiff, and with every doubt resolved in his behalf, the petition states any valid cause of action for relief. The petition should not be dismissed merely because plaintiff's allegations do not support the legal theory he intends to proceed on, since the court is under a duty to examine the petition to determine if the allegations provide relief on any possible theory.
Hoskin, 98-1825, pp. 10-11, at 742 (quoting City of New Orleans v. Board of Com'rs, 93-0690 (La.7/5/94), 640 So.2d 237).
On the other hand, the peremptory exception of no right of action questions whether the plaintiff has an interest in judicially enforcing the right alleged against the defendant. Thomas v. State of Louisiana, 545 So.2d 632 (La.App. 4 Cir.), writ denied, 551 So.2d 639 (La.1989). When considering the exception, the court must ask whether the plaintiff belongs to a particular class for which the law grants a remedy for a particular grievance or whether the plaintiff has an interest in judicially enforcing the right asserted. Touzet v. V.S.M. Seafood Services, Inc., 96-0225 (La.App. 4 Cir. 3/27/96), 672 So.2d 1011. The exception raises neither the question of the plaintiff's ability to prevail on the merits of the cause nor the question of whether the defendant may have a valid defense. Id. at p. 3, at 1013, 672 So.2d at 1012-13.

DISCUSSION
Drennan asserts on appeal that it has stated a cause of action and that it has *865 standing to seek injunctive and/or mandamus relief.
In its petition filed in the district court, Drennan alleges it was the lowest responsible bidder, because neither of the two lower bids conformed to the advertised bid specifications. As to the Robinson bid, Drennan first alleges Robinson's bid bond improperly named the City of New Orleans as the obligee, rather than the S & WB as required by the bid documents. Drennan also alleges, with great particularity, that Robinson's bid did not meet the bid requirements regarding DBE participation. Drennan avers Robinson did not include in its bid any "certified" DBEs as either subcontractors or suppliers and did not attach an affidavit to its bid describing its efforts to obtain "certified" DBE participation. Drennan likewise pleads Hazard also did not include any "certified" DBEs in its proposal and did not submit the required affidavit setting forth its good faith efforts to meet the suggested participation by "certified" DBEs.[4]
In its petition, Drennan asserts that it timely protested the bids of Robinson and Hazard and that a hearing pursuant to S&WB procedures was held. Following the hearing, the S & WB refused to reject the bids of Robinson and Hazard. Instead, Drennan alleges, the S&WB waived the requirement that Robinson name it as a sole obligee in the bid bond, allowed Robinson to add the S&WB as an additional obligee, permitted Robinson to use non-certified DBEs to meet the DBE participation goal, and then awarded the contract to Robinson. Drennan maintains in its petition that the bids of both Robinson and Hazard did not comply with the advertised bid specifications and that the S&WB violated the Public Bid Law in waiving the variances in Robinson's bid and awarding Robinson the contract. Drennan further alleged the S&WB had no just cause for rejecting its bid, because DBE participation is not mandatory and because it had complied with the bid requirements for demonstrating its good faith efforts to obtain certified DBE participation. As the lowest responsible bidder, Drennan alleges the S&WB should be instructed to award it the contract.
Alternatively, Drennan states in its petition that all the bids should be rejected and that the contract be re-advertised. It avers the project is not time sensitive, because the S&WB has not set commencement or completion dates for the work.
In its petition, Drennan requests the court issue a writ of mandamus directing the S&WB to award the contract to Drennan or, alternatively, to reject all the bids and advertise the contract anew. Drennan also asks the court to issue a preliminary injunction enjoining the S&WB from awarding the contract to any other bidder and from issuing any notice of commencement of any work under the contract pending a final resolution.
We find that the petition sufficiently states a cause of action, in that it alleges a violation of the Public Bid Law. The district court was apparently concerned with the fact that Drennan was the third low bidder rather than the lowest, which was Robinson. A disappointed bidder, however, may challenge an award if it believes that it was the lowest responsible bidder. Cf. Stafford Const. Co., Inc. v. Terrebonne Parish School Bd., 612 So.2d 847, 853 (La.App. 1st Cir.1992), writ denied, 614 So.2d 82 (La.1993).[5] Notably, *866 the Public Bid Law does not specify that only the lowest bidder may seek relief; instead, it states that "any interested party" may seek enforcement of the Public Bid Law. La.Rev.Stat. 38:2220.[6] It is true that the Public Bid Law is intended to advance the interests of the taxpaying citizens and to prevent public officials from awarding contracts on an arbitrary basis. See Haughton Elevator Division v. State of Louisiana, 367 So.2d 1161 (La.1979); Airline Construction Co., Inc. v. Ascension Parish School Board, 568 So.2d 1029 (La.1990). Nonetheless, the law reasonably protects any disappointed bidder who believes that his bid was the lowest responsible bid; "any bidder" may be an interested party within the meaning of the Public Bid Law. Starlight Homes, Inc. v. Jefferson Parish Council, 93-746, pp. 3-4 (La.App. 5 Cir. 2/9/94), 632 So.2d 3, 5, writ denied, 94-0610 (La.4/29/94), 637 So.2d 462.[7]
Drennan's status, however, goes to whether it has a right of action, not to whether a cause of action exists. Drennan's petition alleges a violation of the Public Bid Law; therefore, Drennan has stated a cause of action.
Where there has been a violation of the Public Bid Law, La.Rev.Stat. 38:2220 B,[8] authorizes the district attorney, the attorney general, or any interested party to file suit to enjoin the award of a contract or to seek other appropriate injunctive relief. Drennan is an interested party in the litigation, because, if it proves that the two lower bids should have been rejected and that its bid was in compliance with the bid specifications, then it is the lowest responsible bidder to whom the job should have been awarded.
The S&WB argues vigorously that Drennan has no right of action because, according to the S&WB's view of the facts and the law, it was legally justified in awarding the contract to Robinson. Even if this were true, the existence of a valid defense is irrelevant to the question whether the plaintiff has a right of action. Touzet, 96-0225, p. 3, at 1013, 672 So.2d at 1012-13.
Both Drennan and the S&WB urge us to rule on the merits of the action. The only judgment before us, however, is the district court's judgment sustaining the two peremptory exceptions.
For the reasons set forth above, the judgment of the district court is reversed and the matter is remanded for further proceedings.
REVERSED AND REMANDED.
BYRNES, J., CONCURS WITH REASONS.
*867 BYRNES, J., concurring with reasons.
I agree with everything set forth in the majority's well reasoned opinion. I concur merely for the purpose of addressing the second prong of the trial court's written reasons for granting the exception of no cause of action where the trial court states:
Further, Drennan admits and acknowledges that its bid was considered unresponsive by S&WB because plaintiff did not include "documentary evidence" supporting its affidavit that it could not meet the Disadvantaged Business Enterprises goals, as required by Section 5-06 of the bid package. Louisiana Revised Statute 38:2212(A)(1)(a) expressly provides that public work in an amount such is at issue in this matter "shall be advertised and let by contract to the lowest responsible bidder who had bid according to the contract, plans, and specifications as advertised."
Drennan admits that its bid was considered unresponsive by the S&WB, but the fact that the S&WB considered the Drennan bid unresponsive does not make it so. Drennan strenuously contends that its compliance was adequate. The purpose of the public bid law is to eliminate favoritism in public contracting by requiring all bidders to play by the same rules. An unsuccessful bidder is not required by LSA-R.S. 38:2212(A)(1) to show favoritism, although a showing of favoritism should be fatal per se.
In Drennan's petition, (which along with its attachments, is all this Court may consider on an exception of no cause of action)[1] Drennan makes allegations concerning Robinson Electrical Company, Inc.'s failure to comply with the DBE requirements of the bid specifications that strike this writer as being more egregious than that of which Drennan is accused. We must accept these allegations as true at this time. I do not see how, at this stage of the proceedings, Drennan can be found to be unresponsive while Robinson Electrical Company, Inc. is not. If Drennan is able to prove its allegations then I would find that for the S&WB to be strict and technical in its enforcement of its DBE requirements in dealing with Drennan while being lax and liberal in its dealings with Robinson Electric Co. on the same issue would constitute an act of illegal favoritism.
Accordingly, I respectfully concur.
NOTES
[1] A public contract shall be let "to the lowest responsible bidder who had bid according to the contract, plans, and specifications as advertised, and no such public work shall be done___except as provided in this Part." La. Rev.Stat. 38:2212 A(1)(a)(i).
[2] The S&B's motion for summary judgment was declared "moot" by the district court in its judgment of June 17, 1998. In its reasons therefor, the court stated it had not considered the merits of the motion.
[3] See Note 1 above.
[4] Drennan further alleges the two bids higher than its bid also failed to include "certified" DBE participation or the required affidavit.
[5] In Stafford, the disappointed bidder alleged in its petition and supplemental petitions that the bid accepted by the School Board was flawed, that, with the exception of this flawed bid, petitioner was the low bidder on the contract, and that the acceptance of the flawed bid by the School Board damaged the petitioner. Thus, the court concluded, the disappointed bidder's petition had set forth a cause of action, such that the district court erred in dismissing the damage claim against the School Board. Though the petitioner sued for damages under La. Civ.Code art. 2315, Stafford is instructive here in recognizing the disappointed bidder's cause of action.
[6] La.Rev.Stat. 38:2220 provides in pertinent part:

A. Any purchase of materials or supplies, or any contract entered into for the construction of public works, contrary to the provisions of this Part shall be null and void.
B. The district attorney in whose district a violation of the Part occurs, the attorney general, or any interested party may bring suit in the district court through summary proceeding to enjoin the award of a contract or to seek other appropriate injunctive relief to prevent the award of a contract which would be in violation of this Part, or through ordinary proceeding to seek an appropriate remedy to nullify the a contract entered into in violation of this Part.
[7] In Starlight Homes, Inc., the plaintiff allegedly submitted an unbalanced bid, which would allow for the rejection of that bid because plaintiff would not be the lowest responsible bidder. The plaintiff argued that the contractor who contested its bid was not the second low bidder and thus had no right to contest the low bid. The court found this argument to be without merit, citing La.Rev. Stat. 38:2220 B and Bristol Steel and Iron Works, Inc. v. State of Louisiana, 507 So.2d 1233 (La.1987). The court concluded that "any bidder," as well as the Parish, would clearly be an interested party in a lawsuit to advance the interest of the taxpaying citizens.
[8] See Note 6 above.
[1] My overall impression of the judgment and reasons given by the trial court is that in sustaining the exception of no cause of action, considered many factors that were not properly before the court on an exception of no cause of action.