JjMICHAEL E. KIRBY, Judge.
The plaintiff, Harry Lee, Sheriff of Jefferson Parish, (“Sheriff Lee”), appeals the trial court’s judgment maintaining the exceptions of no cause of action and no right of action filed by the Metropolitan Crime Commission of New Orleans, Inc. (“MCC”), and dismissing Sheriff Lee’s claims against the MCC.
In his petition for declaratory judgment and mandatory injunctive relief filed on April 27, 2001, Sheriff Lee alleged that the MCC failed to perform an obligation prescribed by La. R.S. 15:477.1 to forward information of criminal activity to him. The petition states that the MCC claims the status of a crime stoppers organization pursuant to La. R.S. 15:477.1, and therefore is required under that statute to forward “to the appropriate law enforcement agency” information concerning criminal activity that is reported to it.
Specifically, Sheriff Lee claims that, in a commentary in the Gambit Weekly newspaper, an MCC official was quoted as stating that certain deputies in the Jefferson Parish Sheriffs Office claimed they felt intimidated by supervisors who were recruiting them to participate in the “Friends and Family” pyramid scheme. The petition notes that such alleged acts of intimidation by supervisory personnel employed by the Jefferson Parish Sheriffs Office may constitute public salary [¡^extortion, a felony in violation of La. R.S. 14:136(A)(1). The petition alleges that the MCC has failed to forward any information to Sheriff Lee regarding claims of deputies suffering intimidation by supervisors in an effort to recruit participants for the pyramid scheme.
Sheriff Lee asked the trial court to issue a declaratory judgment and mandatory injunction directing and compelling the MCC to comply with La. R.S. 15:477.1 by forwarding to him all information reported to it concerning claims that Jefferson Parish deputy sheriffs may have suffered intimidation from their supervisors in an effort to recruit participants for the “Friends and Family” pyramid scheme. He also asked that the MCC be directed to cease and desist from publicly disclosing information obtained by it as a crime stoppers organization.
In response to the petition filed by Sheriff Lee, the MCC filed exceptions of no cause of action and no right of action. The MCC argues it has no duty to report crimes to Sheriff Lee under La. R.S. 15:477.1, and that the statute does not regulate the actions of crime stoppers organizations or require reports to any particular law enforcement agency. The trial court maintained the exceptions of no cause of action and no right of action filed by the MCC, and Sheriff Lee now appeals.
On appeal, Sheriff Lee argues that the trial court erred in maintaining MCC’s exceptions of no cause of action and no right of action. The statute at issue, La. R.S. 15:477.1, states as follows:
A. As used in this Section, the following terms shall have the following meanings unless the context clearly requires otherwise:
(1) “Crime stoppers organization” means a private, nonprofit organization that accepts and expends donations for rewards to persons who report to the organization information concerning criminal activity 13and that forwards the *567 information to the appropriate law enforcement agency.
(2) “Privileged communication” means a statement by any person, in any manner whatsoever, to a crime stoppers organization for the purpose of reporting alleged criminal activity.
B. No person shall be required to disclose, by way of testimony or otherwise, a privileged communication between a person who submits a report of alleged criminal activity to a crime stoppers organization and the person who accepts the report on behalf of a crime stoppers organization or to produce, under subpoena, any records, documentary evidence, opinions, or decisions relating to such privileged communication:
(1) In connection with any criminal case or proceeding.
(2) By way of any discovery procedure.
C. Any person arrested or charged with a criminal offense may petition the court for an in camera inspection of the records of a privileged communication concerning such person made to a crime stoppers organization. The petition shall allege facts showing that such records would provide evidence favorable to the defendant and relevant to the issue of guilt or punishment. If the court determines that the person is entitled to all or any part of such records, it may order production and disclosure as it deems appropriate.
In State ex rel. A.R., 99-3228, pp. 2-3 (La.App. 4 Cir. 5/24/00), 765 So.2d 395, 397-398, this Court explained and distinguished the exceptions of no right of action and no cause of action as follows:
The peremptory exception of no right of action questions whether plaintiff has an interest in judicially enforcing the right alleged against the defendant. In considering the exception, the court must decide whether the plaintiff belongs to a particular class for which the law grants a remedy for a particular grievance or whether the plaintiff has an interest in judicially enforcing the right asserted. It raises neither the question of plaintiffs ability to prevail on the merits nor whether defendant |4may have a valid defense. Wallace C. Dren-nan, Inc. v. Sewerage & Water Bd. Of New Orleans, 98-2423 (La.App. 4 Cir. 9/22/99), 753 So.2d 861.
The purpose of the peremptory exception of no cause of action, on the other hand, is to determine the sufficiency in law of the petition. It questions whether, accepting all well-pleaded allegations of fact, the petition sufficiently alleges grievances for which the law affords a remedy. Id.; La. C.C.P. art. 931. The judgment on this exception is reviewed de novo, because the exception raises a legal question. This Court is to determine whether in the light most favorable to plaintiffs, and with every doubt resolved in their behalf, the petition states any valid cause of action for relief. Id.
After reviewing Sheriff Lee’s petition and La. R.S. 15:477.1, we conclude that the trial court correctly granted the MCC’s exceptions of no cause of action and no right of action. The petition does not allege grievances for which the law affords a remedy. La. R.S. 15:477.1 does not create a duty to disclose or report on the part of crime stoppers organizations such as the MCC. La. R.S. 15:477.1 defines a crime stoppers organization as one that forwards information it receives about criminal activity to the appropriate law enforcement agency, but it does not mandate that such information be forwarded. The statute does not state that information “must” be forwarded or “shall” be forwarded. Because La. R.S. 15:477.1 does not include language specifically requiring a crime *568 stoppers organization to forward information it receives about criminal activity, Sheriff Lee’s petition does not state a valid cause of action for declaratory judgment and mandatory injunctive relief against the MCC.
Furthermore, Sheriff Lee does not have a right of action under La. R.S. 15:477.1. There is nothing in the wording of La. R.S. 15:477.1 that allows a particular law enforcement agency to demand that it is the appropriate agency to | (¡receive information from a crime stoppers organization. The absence of a named law enforcement agency in the statute gives crime stoppers organizations the discretion to determine which law enforcement agency is the appropriate one for delivery of information it chooses to share. Therefore, the exception of no right of action was also correctly maintained.
For the reasons stated herein, we affirm the trial court’s judgment.
AFFIRMED.