hMICHAEL E. KIRBY, Judge.
In this tutorship matter, Roland Washington appeals the May 23, 2002 trial court judgment, granting exceptions of no right of action and/or no cause of action filed by Beverly Nelson in response to Mr. Washington’s pleadings entitled “Motion for Use of Tutorship Funds” and “Motion to Visit the Home Where My Daughter Lives and to Inspect Property Claimed to be Purchased for Rachel by the Tutorship.” We affirm for reasons that follow.
Beverly Nelson and Roland Washington were married in 1987 and divorced in 1995. They are the parents of Rachel Marie Washington, born on May 22, 1989 in New Orleans, Louisiana. Rachel suffers from severe mental retardation, cerebral palsy and seizure disorder, all resulting from complications at the time of her birth.
A lawsuit filed in Civil District Court in Orleans Parish against the health care providers involved in Rachel’s delivery resulted in a settlement in excess of $700,000.00. In conjunction with that lawsuit and the settlement thereof, Ms. Nelson filed a “Petition for Appointment of Tutor and Un-dertutor.” As requested |2in the petition, Ms. Nelson was appointed as tutrix of *167 Rachel Washington, and Mr. Washington was appointed as her undertutor.
Currently, Rachel lives in Mobile, Alabama with her mother, Ms. Nelson. Mr. Washington lives in Eunice, Louisiana, and has visitation rights. It is undisputed that Rachel’s condition is severe and debilitating, and that she will require 24-hour a day care for the rest of her life. Ms. Nelson, a registered nurse, cares for Rachel on a full-time basis.
Although the record on appeal does not include the record of the domestic proceedings between Ms. Nelson and Mr. Washington, the briefs amply demonstrate that their post-divorce relationship as co-parents has not been harmonious, and the record of the hearing on the exceptions shows that the trial court was made aware of these difficulties. However, the appeal before us arises out of a ruling made in the tutorship proceedings involving Rachel Washington. Issues relating to Mr. Washington’s visitation rights arise out of the domestic proceedings between Ms. Nelson and Mr. Washington, and are not properly before this Court in this appeal.[1]
In Mr. Washington’s “Motion for Use of Tutorship Funds,” he asked that $85,000.00 of the tutorship funds be placed in a fund to be used by him .to acquire items needed for Rachel’s benefit during his visitation periods. He alleged that these funds would be used for a new vehicle, a handicap ramp and parking access for his property, repairs of another vehicle currently owned by him, a computer, | ¡¡vacations, and gas and lodging needed for him to visit Rachel when she is unable to travel. Finally, Mr. Washington asks for forbearance for a $15,000.00 loan previously granted to him from the tutorship funds by Ms. Nelson.
„ In his.“Motion to Visit the Home Where My Daughter Lives and to Inspect Property Claimed to be Purchased for Rachel by the Tutorship,” Mr. Washington claims that it is necessary that he, as the undertutor and father of , Rachel, personally inspect the property to check on Rachel’s living conditions, and to ensure that monies obtained by the tutrix from the tutorship funds for property and improvements were actually used for those purposes. Mr. Washington expresses doubts about the reliability of the accountings provided by Ms. Nelson, and insists that his oversight is needed because of Ms. Nelson’s “spending sprees.”
Ms. Nelson filed exceptions of no cause of action and no right of action to the two above-described motions filed by Mr. Washington. The trial court granted these exceptions, but also ordered that Ms. Nelson file with the court full and complete accountings for all tutorship funds for the years 1998, 1999, 2000 and 2001. The court further ordered Ms. Nelson to photograph improvements, modifications, repairs and/or alterations to her residence that have been paid for with tutorship funds as well as all items of movable property located in or at her residence that have been paid for with tutorship funds. The judgment further required.Ms. Nelson to identify the photographs and correlate them with specific line item expenditures on the above-ordered accquntings. Mr. Washington appealed the trial court judgment.
|4On appeal, Mr. Washington argues that the trial court erred in granting Ms. Nelson’s exceptions. In State ex rel. A.R., 99-3228, pp. 2-3 (La.App. 4 Cir. 5/24/00), 765 So.2d 395, 397-398, this Court *168 explained and distinguished the exceptions of no right of action and no cause of action as follows:
The peremptory exception of no right of action questions whether plaintiff has an interest in judicially enforcing the right alleged against the defendant. In considering the exception, the court must decide whether the plaintiff belongs to a particular class for which the law grants a remedy for a particular grievance or whether the plaintiff has an interest in judicially enforcing the right asserted. It raises neither the question of plaintiffs ability to prevail on the merits nor whether defendant may have a valid defense. Wallace C. Drennan, Inc. v. Sewerage & Water Bd. Of New Orleans, 98-2423 (La.App. 4 Cir. 9/22/99), 753 So.2d 861.
The purpose of the peremptory exception of no cause of action, on the other hand, is to determine the sufficiency in law of the petition. It questions whether, accepting all well-pleaded allegations' of fact, the petition sufficiently alleges grievances for which the law affords a remedy. Id; La.C.C.P. art. 931. The judgment on this exception'is reviewed de novo, because the exception raises a legal question. This Court is to determine whether in the light most favorable to plaintiffs, and with every doubt resolved in them behalf, the petition states any valid cause of action for relief. Id.
The general duties of an undertutor are set forth in La. C.C.P. article 4202 as follows:
The undertutor shall express his concurrence or nonconcurrence in action suggested by the tutor to the court, as set forth in Article 4271, and shall act for the minor whenever thé minor’s interest is opposed to that of the tutor.
15La. C.C.P. article 4271 states:
The tutor shall file a petition setting forth the subject matter to be determined affecting the minor’s interest, with his recommendations and the reasons therefor, and with a written concurrence by the undertutor. If the court approves the recommendations, it shall ' render a judgment of homologation. The court may require evidence prior to approving the recommendations.
If the undertutor fails to concur in the tutor’s recommendations, the tutor shall proceed by contradictory motion against him. After such hearing and evidence as the court may require, the court shall decide the issues summarily and render judgment.
After reviewing Mr. Washington’s “Motion for Use of Tutorship Funds” and “Motion to Visit the Home Where My Daughter Lives and to Inspect Property Claimed to be Purchased for Rachel by the Tutorship,” and the statutory provisions relative to an undertutor’s duties, we conclude that the trial court correctly granted Ms. Nelson’s exceptions of no cause of action and no right of action.
The statutes governing the duties of an undertutor do not give Mr. Washington the right to judicially enforce the rights he is alleging against Ms. Nelson. Under La. C.C.P. articles 4202 and 4271, the ündertutor can either concur or not concur with actions suggested by the tutor to the court, and in the event that the undertutor does not concur with the tutor’s recommendations, the issue can be presented to the trial court for resolution after a contradictory hearing. Although an undertutor also has a duty to act for the minor whenever the minor’s interest is opposed to that of the tutor, this duty does not give Mr. Washington the right to obtain tutorship funds or to personally inspect the property purchased for Rachel with tutorship funds. These statutes sim *169 ply do not authorize an undertutor to take |6the actions that Mr. Washington is proposing in his motions. Thus, Mr. Washington has no right of action -to pursue the relief he has sought in his motions.
Furthermore, Mr. Washington’s motions fail to state a valid cause of action. The statutes on tutorship do not afford the type of remedy sought by Mr. Washington. We find no merit in Mr. Washington’s argument that La. C.C.P. article 4261, requiring the tutor to “care for the person of the minor,” extends to requiring thé tutrix in this case to provide tutorship funds to the non-domiciliary parent for his expenses related to caring for the minor child during visitation periods. Similarly, we find no merit in Mr. Washington’s argument that La. C.C.P. articles 4204 and 4135 and La. C.C. article 278, relative to an undertutor’s duties regarding the legal mortgage in favor of the minor child, provide him the remedy of 'personally inspecting property purchased with tutorship funds. The trial court essentially accommodated Mr. Washington’s request to confirm that monies taken from the tutorship funds were used on property for Rachel’s benefit by requiring Ms. Nelson to provide to the court photographs of the property and accountings for tutorship funds used.
The trial court did not err in granting Ms. Nelson’s exceptions of no cause of action and no right of action filed in response to Mr. Washington’s motions. For the reasons stated above, the trial court judgment is affirmed.
AFFIRMED.

. We also note that the domestic proceedings apparently took place in St. John the Baptist Parish.