JAMES F. McKAY III, Chief Judge.
hln this redhibition/product liability case, the plaintiff, Stewart Interior Contractors, Inc., L.L.C., appeals the trial court’s maintaining of exceptions of no right of action and prescription in favor of the defendants, MetalPro Industries, L.L.C. and Nautilus Insurance Company. We affirm.
FACTS AND PROCEDURAL HISTORY
The facts giving rise to this case involve the construction of the new administration building at the University of New Orleans. Gootee Construction, Inc. was the general contractor for the project. In 2004, Stewart Interior Contractors, L.L.C., a drywall subcontractor, entered into a contract with Gootee which obligated Stewart to furnish and install metal studs upon which drywall would be attached. Thereafter, Stewart contracted with MetalPro Industries, L.L.C. to manufacture the metal studs used on the project. The metal studs were installed in the building during the summer and fall of 2004. Following the installation of the metal studs, Stewart began to install, finish and paint the sheetrock. However, the building’s exterior sheathing had not yet been installed and the building was open to the elements. In November of 2004, small 12indentation marks or dimples began to appear on the walls on the third and fourth floor of the building. Stewart contends that the indentation marks were caused by a defect in the metal studs. This caused increased costs for labor, materials, expert investigations and delays. As a result, Gootee withheld $420,237.87 in payments from Stewart.[1]
On March 30, 2005, Stewart filed suit against MetalPro and its insurer, Nautilus Insurance Company, asserting causes of action under the Louisiana Products Liability Act (LPLA), for breaches of contract, and redhibition.[2] , As discovery in the litigation progressed, Stewart began alleging that it was also seeking to recover damages incurred by Gootee. However, Stewart never amended or supplemented its petition to allege any action on the part of Gootee. Gootee also never intervened in the lawsuit.
In August of 2012, MetalPro filed exceptions of no right of action and no cause of action. Stewart opposed these exceptions, alleging that it was seeking to recover as Gootee’s agent and that it was a solidary obligee with Gootee. On October 26, 2012, the trial court granted MetalPro’s exception of no cause of action, but pursuant to La. C.C.P. art. 934, granted Stewart leave to amend its petition to remove the grounds for the exception and to state a cause of action for Gootee’s damages.
On December 3, 2012, Stewart filed an amended and supplemental petition alleging that it was and always had been acting as the agent of Gootee. Stewart |salso attempted to add Gootee as a party in the instant case. In January of 2013, both MetalPro and Nautilus filed motions to strike and exceptions of lack of procedural capacity, prescription, no right of action and no cause of action. On March 1, 2013, *488 the trial court granted the defendants’ exceptions of no right of action and prescription, dismissing any and all claims brought by Stewart as an agent for Gootee and dismissing any and all claims brought by Gootee as a direct party plaintiff. It is from this judgment that Stewart now appeals.
DISCUSSION
On appeal, Stewart raises the following assignments of error: ' 1) the district court committed 'reversible error in sustaining defendants’ partial exception of no right of action against Stewart with respect to recovery of costs and expenses associated with property damage repairs incurred by Gootee, which damages were assessed by Gootee against Stewart under the subcontract, at the time suit was originally filed, and which damages Stewart agreed to pursue on behalf of Gootee as it agent/mandatory; and 2) the trial court committed reversible legal error in sustaining defendants’ exception of prescription dismissing all claims for .property damages asserted by or on behalf of Gootee, given the interruption of prescription by Stewart’s timely filed original petition seeking the same property damages and the relation back of the amended petition wherein Stewart formally pled its status as Gootee’s agent and Gootee was named as a direct party defendant.

No Right of Action

The peremptory exception of no right of action questions whether plaintiff has an interest in judicially enforcing the right alleged against the defendant. In considering the exception, the court must decide whether the plaintiff belongs to a particular class for which the law grants a remedy for a particular grievance or ^whether the plaintiff has an interest in judicially enforcing the right asserted. It raises neither the question of plaintiffs ability to prevail on the merits nor whether defendant may have a valid defense. Wallace C. Drennan, Inc. v. Sewerage & Water Bd. of New Orleans, 98-2423 (La. App. 4 Cir. 9/22/99), 753 So.2d 861; see also In Re Washington, 2004-0465 (La. App. 4 Cir. 7/20/05), 913 So.2d 165.
Stewart contends that it has a right to pursue Gootee’s portion of damages based on its status ás a co-solidary obligor with Gootee and the agreement it made with Gootee after the lawsuit was filed to act as Gootee’s agent/mandatory. However, thé alleged damages claimed by Stewart and Gootee are different. In fact, Gootee’s alleged damages were much greater than Stewart’s purported damages.
“An obligation is solidary for the obligees when it gives each obligee the right to demand the whole performance from the common obligor.” La. C.C. art. 1790. Additionally, “solidarity of [an] obligation cannot be presumed, but must arise from a clear expression of the parties’ intent or from the law.” Conway v. Hibernia National Bank, 553 So.2d 1041, 1043 (La.App. 4th Cir.1989). The fact that Goo-tee withheld funds from Stewart and that MetalPro may have been liable to Stewart in indemnity while at the same time being potentially liable to Gootee under the LPLA does not make Stewart and Gootee co-obligees. Furthermore, it is well established that an action in indemnity does not arise until after a party is cast in judgment. See Ebinger v. Venus Constr. Corp., 2010-2516 (La.7/1/11), 65 So.3d 1279. If anything, Gootee’s withholding of funds from Stewart pursuant to the subcontract between Stewart and Gootee gave Stewart a cause of action against Gootee-— not MetalPro.
| ¡/There is also no evidence that Stewart was authorized to act as an agent or mandatory on behalf of Gootee. Louisiana Code of Civil Procedure Article 694 *489 establishes two requisites for an agent to have a right of action to sue to enforce the right of its principal. First, and most obviously, the agent must have an existing agency relationship with the principal. Id. Second, the agent can bring suit on behalf of its existing principal only “when specially authorized to do so.” Id.
In the instant case, Stewart does not have an interest in a judicially enforceable right on behalf of Gootee against Metal-Pro. This is because Stewart does not belong to the particular class of plaintiffs to whom the law would provide a remedy against MetalPro for damages allegedly incurred by Gootee. Accordingly, the trial court did not err in maintaining the defendants’ exception of no right of action.

Prescription

In the instant case, the claims under the LPLA, for redhibition or breach of contract that Stewart attempts to bring on behalf of Gootee are prescribed. These claims were not raised until December 3, 2012. The plaintiffs were aware of any defect in the metal studs as early as November of 2004 and definitely by March 30, 2005, the date Stewart initially filed suit against MetalPro.
According to Louisiana Civil Code Article 3492, delictual actions are subject to a liberative prescriptive period of one-year. This prescriptive period applies to claims under the LPLA. La. R.S. 9:2800.51 et seq.; See also LaPlace Concrete, Inc. v. Stallings Const. Co., Inc., 01-131 (La.App. 4 Cir. 12/5/01), 803 So.2d 1015. Similarly, the action for redhibition prescribes in one year from the date the defect is discovered by the buyer. La. C.C. art. 2534. Additionally, any breach of contract claim based upon the sale of an allegedly defective product | ¿would be founded in redhibition and subject to the one year prescriptive period. See Easterling v. Royal Manufactured Housing, LLC, 07-192 (La. App. 3 Cir. 6/6/07), 963 So.2d 399; Molbert Bros. Poultry & Egg Co. v. Montgomery, 261 So.2d 311, (La.App. 3 Cir.1972). The plaintiffs argument that the claims made on December 3, 2012 should relate back to Stewart’s original filing also fail; Stewart and Gootee are not solidary obligees for the reasons discussed earlier in this opinion. Accordingly, any claims that Stewart attempts to bring on behalf of Gootee are prescribed.
CONCLUSION
For the above and foregoing reasons, the judgment of the trial court maintaining the defendants’ exceptions of no right of action and prescription are affirmed.
AFFIRMED.
LEDET, J., Dissents with Reasons.

. Stewart alleges that after the litigation in this case commenced, Gootee paid it the amount that had previously been withheld.

. MetalPro’s insurer, Nautilus Insurance Company, filed a motion for summary judgment contending that no property damage had been alleged to trigger coverage under the policy. The trial court granted the motion and dismissed Nautilus from the suit. This Court reversed that judgment. Stewart Interior Contrs. v. MetalPro Indus., L.L.C., 2007-0251 (La.App. 4 Cir. 10/10/07), 969 So.2d 653.