STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

20-125

ANTHONY J. GASPARD, ET UX

VERSUS

CAMPING WORLD RV SALES, L.L.C., ET AL.

**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 20172891
HONORABLE MICHELLE M. BREAUX, DISTRICT JUDGE

**********

VAN H. KYZAR
JUDGE

**********

Court composed of John D. Saunders, Elizabeth A. Pickett, and Van H. Kyzar, Judges.

REVERSED AND REMANDED

Gabe A. Duhon
Christina S. Lemaire
P. O. Box 478
Abbeville, LA 70511-0478
(337) 893-3423
COUNSEL FOR PLAINTIFF/APPELLANT:
    Anthony J. Gaspard
    Terri L. Gaspard


Reid A. Jones
Wiener, Weiss & Madison
P. O. Box 21990
Shreveport, LA 71120
(318) 226-9100
COUNSEL FOR DEFENDANT/APPELLEE:
    Southern RV, L.L.C.


Ryan E. Johnson
Jones Walker, LLP
445 North Blvd., #800
Baton Rouge, LA 70802
(225) 248-2000
COUNSEL FOR DEFENDANT/APPELLEE:
    Keystone RV Company


Erin W. Lanoux
Percy, Lanoux, Mumphrey
712 N. Burnside Ave.
Gonzales, LA 70737
(225) 621-8522
COUNSEL FOR DEFENDANT/APPELLEE:
    Camping World RV Sales, L.L.C.

**KYZAR, Judge.**

Plaintiffs appeal the trial court's granting of summary judgment in favor of Defendant, Southern RV, L.L.C., D/B/A Southern RV Supercenter, dismissing Plaintiffs' suit with prejudice as to this party, on the grounds of prescription. For the reasons herein, we reverse the judgment of the trial court and remand for further proceedings.

## FACTS AND PROCEDURAL HISTORY

On May 18, 2017, Plaintiffs, Anthony and Terri Gaspard, filed suit naming as defendants Camping World RV Sales, L.L.C (Camping World) and Southern RV, L.L.C., D/B/A Southern RV Supercenter (Southern RV). The petition asserts that on or about November 14, 2013, the Gaspards purchased a new 2014 Keystone Fuzion camper, model 395, from Southern RV for a total purchase price of $81,921.50 including optional equipment, taxes, licensing and title costs.[1] Plaintiffs claim they took possession of the camper on November 15, 2013.

Plaintiffs experienced problems with the camper during their first use and scheduled an appointment for January 6, 2014 to allow Southern RV to fix the issues. The Gaspards' camper was returned to them on April 1, 2014, after which it was used a handful of times before being returned to Southern RV for more repairs on January 26, 2015. Southern RV returned the camper to the Gaspards on April 1, 2015. The next time the camper was used on or around October 2015, it was found to have many alleged defects and issues, and Southern RV again took it for repairs on December 26, 2015.

On April 25, 2016, the Gaspards were contacted by Southern RV to come take possession of the repaired camper. Upon arrival, a variety of unfixed issues were

---

[1] While Plaintiffs asserted in the petition that a copy of a "Retail Installment Contract and Security Agreement" is attached as "Exhibit A." and that included in the price was an extended service contract warrantying the camper for an eighty-four (84) month period, no such exhibit appears attached to the Petition in the record on appeal. A "Retail Installment Contract and Security Agreement" was filed as an exhibit in Plaintiffs' reply to Defendant's motion for summary judgment.

noted, and the Gaspards ultimately left the camper with Southern RV for further repairs. On November 26, 2015, the Gaspards were again notified that the camper was repaired and ready to be picked up, but that a payment of $3,326.52 was required before they could take possession, though Plaintiffs maintain the camper was still under extended warranty at the time. The Gaspards went to pick up the camper in February 2017 and immediately noticed a multitude of problems, including visible mold and a dead battery. Each service appointment with Southern RV includes detailed invoices listing the purported defects and complaints. The Gaspards have not had possession of the camper since December 26, 2015.

On May 16, 2017, the Gaspards filed a Petition for Recission of Sale and Damages. Southern RV filed an answer in August 2017 and ultimately filed a motion for summary judgment on September 3, 2019, asserting that Plaintiffs cannot meet their burden of proof with respect to their redhibition and "bad faith" seller claims, that Plaintiffs' negligence, redhibition, and Louisiana Unfair Trade Practices Act claims are prescribed, and that Plaintiffs' fitness for ordinary use claim is foreclosed by their allegations that the camper is defective.

Southern RV's motion for summary judgment on the prescription issue was heard on November 18, 2019, at the conclusion of which the trial court granted the motion. Judgment to that effect was signed on December 3, 2019, dismissing Plaintiffs' suit with prejudice. This appeal followed. Herein, Plaintiffs assert two assignments of error.

1. The trial court committed legal error in failing to find that the claim for redhibitory defect [had] not prescribed.

2. The trial court committed manifest error in finding that the claim for breach of contract had prescribed.

## DISCUSSION

"Although typically asserted through the procedural vehicle of the peremptory exception, the defense of prescription may also be raised by motion for summary

2

judgment." *Hogg v. Chevron USA, Inc.*, 09-2632, p. 6 (La. 7/6/10) 45 So.3d 991, 997.

When prescription is raised this way, review is *de novo*, using the same criteria used

by the district court in determining whether summary judgment is appropriate. *Id.*

> Ordinarily, the party pleading the exception of prescription bears the burden of proving the claim has prescribed. However, when the face of the petition reveals that the plaintiff's claim has prescribed, the burden shifts to the plaintiff to show why the claim has not prescribed. *Lima v. Schmidt*, 595 So.2d 624, 628 (La.1992). This traditional allocation of the burden of proof is altered somewhat when prescription is raised through a motion for summary judgment rather than through the peremptory exception. In such a case, the movant is required to prove, based solely on documentary evidence and without the benefit of testimony at a hearing, that there is no genuine material factual issue in dispute regarding the date upon which the plaintiffs acquired actual or constructive knowledge of the damage sufficient to commence the running of prescription. *Labbe Service Garage*, 94-1043 at p. 10, 650 So.2d at 829.

*Id.* at 998

Louisiana Civil Code article 2520 provides for the redhibition action in

Louisiana and states, in part:

> The seller warrants the buyer against redhibitory defects, or vices, in the thing sold.
>
> A defect is redhibitory when it renders the thing useless, or its use so inconvenient that it must be presumed that a buyer would not have bought the thing had he known of the defect. The existence of such a defect gives a buyer the right to obtain rescission of the sale.

Further, La.Civ.Code art. 2545 provides:

> A seller who knows that the thing he sells has a defect but omits to declare it, or a seller who declares that the thing has a quality that he knows it does not have, is liable to the buyer for the return of the price with interest from the time it was paid, for the reimbursement of the reasonable expenses occasioned by the sale and those incurred for the preservation of the thing, and also for damages and reasonable attorney fees. If the use made of the thing, or the fruits it might have yielded, were of some value to the buyer, such a seller may be allowed credit for such use or fruits.
>
> A seller is deemed to know that the thing he sells has a redhibitory defect when he is a manufacturer of that thing.

Louisiana Civil Code article 2534 provides the prescriptive period for

redhibition actions in Louisiana and states in pertinent part as follows:

3

A. (1) The action for redhibition against a seller who did not know of the existence of a defect in the thing sold prescribes in four years from the day delivery of such thing was made to the buyer or one year from the day the defect was discovered by the buyer, whichever occurs first.

. . . .

B. The action for redhibition against a seller who knew, or is presumed to have known, of the existence of a defect in the thing sold prescribes in one year from the day the defect was discovered by the buyer.

C. In any case prescription is interrupted when the seller accepts the thing for repairs and commences anew from the day he tenders it back to the buyer or notifies the buyer of his refusal or inability to make the required repairs.

Plaintiffs' petition also alleges claims for warranty, breach of contract, and violations of the Unfair Business and Trade Act. We conclude that these claims, based in redhibition, are subject to the same liberative prescriptive period as the redhibition claims.

> "In determining the applicable prescriptive period, we are guided by the well-settled principle that '[t]he character of an action disclosed in the pleadings determines the prescriptive period applicable to that action.' " *Parry v. Administrators of Tulane Educ. Fund*, 02-0382, p. 7 (La. App. 4 Cir. 9/4/02), 828 So.2d 30, 35 (quoting *Starns v. Emmons*, 538 So.2d 275, 277 (La. 1989) (collecting cases)). A breach of contract claim has a prescriptive period of 10 years. *See* La. C.C. art. 3499. An action for redhibition prescribes in one year from the date the defect is discovered by the buyer. La. C.C. art. 2534. A "breach of contract claim based upon the sale of an allegedly defective product would be founded in redhibition and subject to the one year prescriptive period." *Stewart Interior Contractors, L.L.C. v. MetalPro Indus., L.L.C.*, 13-0922, pp. 5-6 (La. App. 4 Cir. 1/8/14), 130 So.3d 485, 489.

*Bottinelli Real Estate, L.L.C. v. Johns Manville, Inc.*, 19-0619, p. 5 (La.App. 4 Cir. 12/27/19), 288 So.3d 179, 184-85.

Plaintiffs' petition further asserted allegations as to breach of warranty or service contract while also seeking relief in redhibition. However, while Plaintiffs maintain that there is an extended service contract in existence, no such contract was attached or produced with the summary judgment evidence, nor do Plaintiffs specify any terms or conditions or the scope of any such agreement. Thus, the one-year

4

prescriptive period found in Louisiana Civil Code art. 2534 is the applicable prescriptive period for Plaintiffs suit.

In its oral reasons for granting Southern RV's motion for summary judgment, the trial court stated the following:

> Okay, gentlemen, the Court has read the briefs, looked at the timeline. Specifically, November 14, 2013 where the camper was purchased. There were seven dates that the Court took note of, specifically April 25, 2016, as well as the filing suit date which was May 18, 2017. With all of that said, the matter has prescribed. The Court is going to grant the motion.

When asked thereafter by counsel for Plaintiffs if this included the breach of contract/warranty claims, the trial court stated that it did.

In reviewing the prescription issue herein, we look to the pertinent material facts and dates that are not in dispute. These are derived from Plaintiffs' Petition for Rescission of Sale & Damages.[2]

- November 14, 2013: Plaintiffs purchase the Camper from Southern RV.

- January 6, 2014: Plaintiffs take the Camper to Southern RV for repairs

- April 1, 2014: Southern RV returns camper to Plaintiffs

- January 25, 2015: Plaintiffs bring Camper back to Southern RV

- April 1, 2015: Southern RV returns Camper to Plaintiffs

- December 26, 2015: Plaintiffs bring Camper back to Southern RV

- January 13, 2016: Southern RV is sold to Camping World

- April 25, 2016: Camping World notifies Plaintiff of purchase of Southern RV and notifies Plaintiff that the camper is to be picked up from its facility.

- May 18, 2017: Plaintiffs file suit

As reflected above and noted by the trial court, Camping World, which bought Southern RV, sent written notice to Plaintiffs on April 25, 2016 that the camper was

---

[2] The exact nature of Plaintiffs' complaints concerning the camper and the actions of Southern RV to address the same are not relevant in the analysis of the prescription issue here.

to be picked up from its facility. The affidavit of James Hicks, managing member of Southern RV, was submitted by Southern RV in support of its motion for summary judgment. It specifically states that "[f]rom 2013 until January 2016, Southern RV was in the business of selling recreational vehicles to end-user customers" and that "Southern RV was an authorized dealer for several recreational vehicle manufacturers, including Keystone RV Company". Further, Mr. Hicks stated the "[o]n or about January 13, 2016, Southern RV was sold to a third party, Camping World RV Sales, LLC" and that "[a]t that point, Southern RV ceased all operations as a recreational vehicle dealer."

In his affidavit, Plaintiff Anthony Gaspard acknowledges the April 25, 2016 date and the fact that he knew at that point that Southern RV was no longer in business and had been sold to Camping World, who then had possession of the RV.

> On or about April 25, 2016, I was contacted and informed that the 2014 Keystone Fuzion camper was repaired and ready to be picked up. Upon arrival is when I first became aware that Camping World had purchased Southern RV, and I noticed that water continued to infiltrate the camper and the living room floor remained wet, rotten floors, the washer and dryer were missing, the awning lights were not repaired, the 12-volt batteries were dead, and the circuit board for the camper was burnt. As a result of the failure to make necessary repairs, the 2014 Keystone Fuzion camper was left at Camping World for further remedial measures[.]

Mr. Gaspard's affidavit further reflects that the camper was not picked up on April 25 and still remains in the "care, custody and control of Southern and/or Camping World[.]" His affidavit also states that while he "presented Southern RV with multiple complaints" on December 26, 2015, he states that on the same date "a representative of Camping World mentioned to me that the camper was wired wrong, that the bight[sic] switch for the outdoor light was wired backwards[.]" This statement is somewhat contradictory to the previous statements that the first time he knew that Southern RV was sold to Camping World was in April 2016. Regardless, on April 25, 2016 the Gaspard's did know that Southern RV was no longer in

6

possession of the camper and that Camping World was operating the facility. They further admit that they were told to pick up the camper by Camping World that day.

"Liberative prescription is a mode of barring of actions as a result of inaction for a period of time." La.Civ.Code art. 3447. "Generally, prescription statutes are strictly construed against prescription and in favor of the claim sought to be extinguished by it; thus, of two possible constructions, that which favors maintaining, as opposed to barring an action, should be adopted." *Nickel v. Ford Motor Co.*, 18-1035, p. 1 (La. 10/15/18), 254 So.3d 1199, 1199 (citing *Wells v. Zadeck*, 11-1232 (La. 3/30/12), 89 So.3d 1145). The interpretation of any statute begins with the language of the statute itself. When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature. *Red Stick Studio Dev., L.L.C. v. State ex rel. Dep't of Econ. Dev.*, 10-193 (La. 1/19/11), 56 So. 3d 181.

As provided for in La.Civ.Code Art. 2534 (emphasis added), "prescription is interrupted when the *seller* accepts the thing for repairs and commences anew from the day *he* tenders it back to the buyer or notifies the buyer of his refusal or inability to make the required repairs." On April 25, 2016, Plaintiffs knew that Southern RV was no longer in business, had been sold to Camping World, and was no longer in possession of the camper. However, it was Camping World that notified Plaintiffs to pick up the camper, not Southern RV. Southern RV was the seller of the camper, not Camping World. Southern RV presented no evidence in support of its motion for summary judgment that it notified the Gaspards of the fact that it sold its business to Camping World, that the camper was to be picked up, or that it provided notice that it was unable or unwilling to make the required repairs. There is no evidence that Camping World legally assumed any responsibility of Southern RV to repair the camper, or that they were acting on behalf of or authorized to act on behalf of Southern RV in tendering the camper back to the Plaintiffs on April 25, 2016. Strictly

7

construing La.Civ.Code art. 2534, prescription as to Southern RV did not commence to run anew on April 25, 2016, and there is no summary judgment evidence that it commenced to run anew at any time thereafter prior to the time suit was filed on May 18, 2017. As such, there exists material issues of fact in dispute as to the notice and tender of the camper making summary judgment inappropriate on this record. Accordingly, the judgment of the trial court is reversed.

## DECREE

The judgment of the trial court granting Southern RV's motion for summary judgment dismissing Plaintiffs' suit as prescribed is reversed and the matter is remanded to the trial court for further proceedings consistent herewith. Costs of this appeal are assessed to Defendant Southern RV Sales and Service, LLC.

**REVERSED AND REMANDED.**