hCHARLES R. JONES, Judge.
Plaintiff-in-reconvention/appellant, Stall-ings Construction Company, Inc., appeals the judgment of the city court, which granted the defendant-in-reconvention/ap-pellee, LaPlace Concrete, Inc.’s Exception of Prescription, dismissing the reconven-tional demand of Stallings Construction Company, Inc. Following a review of the record, we reverse the judgment of the city court.

Facts and Procedural History

Stallings Construction Company (hereinafter “Stallings”) was the general contractor on a project to construct an office building in Metairie, Louisiana, and it contracted with LaPlace Concrete, Inc. (hereinafter “LaPlace”) to supply the concrete for the job. LaPlace delivered the concrete on or about August 8, 1998. Stall-ings had an unpaid balance owed to La-Place in the amount of $19,635.90 for the concrete supplied for that project.
On April 29, 1999, LaPlace filed an action in “open account” against Stallings in an attempt to collect the balance owed. Stallings filed an Answer and Reconven-tional Demand on June 15, 1999, which claimed damages against LaPlace for supplying defective concrete, which failed to meet specifications, that | ¡>was delivered to another construction project, the Sleep Inn Motel in Kenner, Louisiana, in November 1996.
On April 28, 2000, LaPlace filed an Exception of Prescription on the basis that the claim-in-reconvention was governed by the Louisiana Products Liability Act, and therefore has a one-year prescriptive period. Stallings asserted that its claim had a ten-year prescriptive period because it was a breach of contract for failure to supply the correct type of concrete. The city court granted the Exception of Prescription, and it is from this ruling that this appeal arises.

Louisiana Products Liability Claim versus Contract Claim.

LaPlace argues that Stallings’ complaint is regarding defective concrete which caused damage and delay in completing the construction of the Sleep Inn Motel. Stallings argues that the concrete was not defective and may have been suitable for a different job, however, that the concrete did not meet the specific needs of that particular project. Therefore, Stall-ings urges that their claim is for breach of contract.
La. R.S. 9:2800.54(A) states that: “The manufacturer of a product shall be hable to a claimant for damage proximately caused by a characteristic of the product that renders the product unreasonably dangerous when such damage arose from a reasonably anticipated use of the product by the claimant or another person or entity.” A product can be unreasonably dangerous in construction and composition, and is deemed so “if, at the time the product left its manufacturer’s control, the product deviated in a material way from the manufacturer’s specifications or performance standards for the product or from otherwise identical products manufactured by the same manufacturer.” La. R.S. 9:2800.55. Further, the Louisiana Products Liability Act establishes exclusive theories of liability for [.^manufacturers for damage caused by their products. A claimant may not recover from a manufacturer for damages caused by a product on the basis of any theory of liability that is not set forth in this Chapter. Conduct or circumstances that result in liability under this Chapter *1017 are “fault” within the meaning of La. C.C. art. 2315. La. R.S. 9:2800.52. The prescriptive period for claims under the Louisiana Products Liability Act is one year. See La. C.C. art. 3492.
An obligor is liable for the damages caused by his failure to perform a conventional obligation. A failure to perform results from nonperformance, defective performance, or delay in performance. La. C.C. art.1994. The prescriptive period for a breach of contract is ten years. See La. C.C. art. 3494.
In our assessment of the instant case, Stallings acknowledges that the claim asserted is not that the concrete delivered to Stallings was unreasonably dangerous. It was useful for another type of construction project. Further, there is no allegation that the concrete deviated from LaPlace’s or any other concrete company’s specifications as good concrete. Rather, Stallings claims that the concrete supplied by La-Place did not meet its particular specifications. Stallings’ claim is for delivering a product that was not the product contracted for, not that the product that was contracted for and delivered was faulty. Therefore, LaPlace would have breached the contract for failure to deliver the agreed upon type of concrete. The alleged breach of contract occurred in November 1996, and the suit was filed in June 1999. This claim was filed clearly within the ten-year prescriptive period for a claim in contract. Thus, Stallings’ claim-in-recon-vention has not prescribed.

\4Open Account

Stallings surmised from the language of the judgment that the city court applied the principles of “open account”. The specific language referenced by Stall-ings is as follows:
The Court, absent a copy of the contract, could not make a determination whether of [sic] not the terms of the contract were fixed and certain and pertained to one particular job only. The rights of each party to recover from the other depends upon the terms of the contract under which a claim is made.
Stallings argues that the principles of “open account” do not apply to their claim-in-reconvention because the claim is not for amounts due under the terms of the contract, but for damages it suffered from LaPlace’s breach of the contract. Therefore Stallings argues that their claim is not based upon whether the terms of the contract were fixed and certain and pertained to one particular job only.
LaPlace argues that based on the reasons for judgment the city court found no evidence of a contract and that the lack thereof places this type of action in “open account” rather than contract. LaPlace cites the case of Sandoz v. Dolphin Services, 555 So.2d 996 (La.App. 1st Cir.1989) as its authority.
According to La. R.S. 9:2781, “ ‘open account’ includes any account for which a part or all of the balance is past due, whether or not the account reflects one or more transactions and whether or not at the time of contracting the parties expected future transactions.” The prescriptive period for an “open account” is three years. La. C.C. art. 3494.
In the instant case, the city court evaluated this claim under the “open account” provisions because neither party produced a contract. However, the relief sought by Stallings was not to collect on a balance past due, but for damages | (¡sustained for LaPlace’s failure to perform on the contract between the parties. Further, offer and acceptance of a contract may be made orally. La. C.C. art.1927. Therefore, the city court cannot adduce that a contract did not exist because the parties failed to produce a written document. Thus, we find that the city court erred in evaluating Stallings’ claim-in-reconvention under the *1018 principles of “open account”, and should have evaluated the claim under the principles of contracts establishing a ten-year prescriptive period.

Decree

For the foregoing reasons, we find that Stallings’ claim-in-reconvention is based in contract and thus has not prescribed, and hereby reverse the judgment of the city court. The matter is remanded to the city court.

REVERSED AND REMANDED.