723 So.2d 1009 (1998)
Gaylon D. SIMMONS and Gloria Annette Turner Simmons
v.
J.C. TEMPLETON, et al.
Nos. 97-CA-2349, 98-CA-0043.
Court of Appeal of Louisiana, Fourth Circuit.
November 10, 1998.
Writs Denied February 5, 1999.
*1010 Ewell E. Eagan, Jr., Guy E. Wall, C. Peck Hayne, Jr., Gordon, Arata, McCollam & Duplantis, L.L.P., New Orleans, Louisiana Attorneys for Plaintiffs/Appellants.
Donald C. Templin, Leila A. D'Aquin, Haynes and Boone, L.L.P., Dallas, Texas, and Dena L. Olivier, Cheryl V. Cunningham, Liskow & Lewis, New Orleans, Louisiana, Attorneys for Defendant/Appellee.
Daniel Lund, A. Carter Mills, IV, Nathan Gisclair, Jr., Montgomery, Barnett, Brown, Read, Hammond & Mintz, L.L.P., New Orleans, Louisiana, Attorneys for Defendants/Appellees.
Henri Wolbrette, III, James M. Garner, Margaret Woolverton Triebes, McGlinchey Stafford, P.L.L.C., New Orleans, Louisiana, Attorneys for Defendants/Appellees.
Court composed of Judge JOAN BERNARD ARMSTRONG and Judge STEVEN R. PLOTKIN and Judge JAMES F. McKAY, III.
McKAY, Judge.
This is a consolidation of two appeals. The case arises out of a transaction between Mr. and Mrs. Gaylon D. Simmons (the Simmons) and the TGX Corporation (TGX) which involved the sale and purchase of stock. BDO Seidman was TGX's accounting firm. The Simmonses allege that they were misled and dealt with in a fraudulent manner by TGX and its directors and that Seidman aided this *1011 fraud by issuing false financial reports which they relied upon.

FACTS AND PROCEDURAL HISTORY
On October 13, 1986, the Simmonses and TGX executed a stock purchase and sale agreement by which the Simmons would exchange their stock in Louisiana Energy and Development Company (LEDCO), their privately held family corporation, in exchange for preferred stock in TGX and $5,000,000.00. On October 17, 1986, the directors of TGX unanimously approved the agreement. At the closing on November 14, 1986, the Simmonses turned over their LEDCO stock to TGX.
On November 13, 1987, TGX filed suit in federal court against the Simmonses for breach of the TGX/LEDCO sale. The Simmonses filed a counterclaim regarding the same sale against TGX on May 10, 1988. This claim alleged among other things that TGX breached representations and warranties in the agreement. The Simmonses contend that they first discovered the fraud and misrepresentations made by TGX on March 9, 1989, during discovery in the federal action. This alleged fraud was evidenced by the extensive rulings against TGX in the National Fuel Gas Company (NFG) litigation and the fact that these rulings were hidden from the Simmons, the SEC, and others. On April 25, 1989, the Simmonses amended their counterclaim against TGX to add causes of action for federal and state securities violations arising out of the same sale. On January 16, 1990, the Simmonses again amended their federal counterclaim and added TGX's joint tortfeasor, TGX chairman J.C. Templeton, on all federal and state securities violations and other claims.
In February of 1990, TGX filed for bankruptcy largely because of the adverse rulings in the NFG litigation. On March 8, 1990, the Simmonses filed a separate federal action against the nine TGX directors and other joint tortfeasors for federal and state securities violations and other claims arising out of the same sale. On July 23, 1991, the Simmonses moved to further amend their counterclaim in the 1987 action to add the eight remaining TGX directors and Greenwich Insurance Company. The next day (July 24, 1991), the Simmonses filed an action in state court against the nine TGX directors, BDO Seidman, and Greenwich Insurance Company alleging state securities law violations as well as fraud, conspiracy, misrepresentation, breach of fiduciary duty, and tortious interference with contract.
On August 6, 1991, the federal court dismissed the federal securities claim in the 1990 action as time barred under Lampf's three year peremptive period. On October 18, 1991, the federal court dismissed all of the Simmonses federal counterclaims against the directors without prejudice to the state court claims. In November of 1991, the state court granted the defendant directors' exception of lis pendens. Then on March 23, 1992, the federal court entered judgement dismissing all state law claims in the 1990 action without prejudice to the Simmons' right to pursue all state law claims in state court.
The state district court granted exceptions of lack of personal jurisdiction for seven of the nine directors. This Court reversed and remanded the action back to the trial court. The TGX directors and Greenwich subsequently filed exceptions of peremption and prescription as well as partial exceptions of no cause of action as to the Simmons' Louisiana securities law violations, tortious interference with contract, and breach of fiduciary duty claims. The district court sustained the exception of prescription and refused to address the remaining exceptions. The district court held that the SEC filings were sufficient to put the Simmonses on notice that representations about litigation were fraudulent and the they should have known about their claim at the closing in November of 1986. The district court issued its written judgment on September 17, 1997, and the Simmonses took a devolutive appeal on October 17, 1997.
BDO Seidman, the other defendant in state court, filed exceptions of improper venue and no cause of action. Initially, the trial court sustained the exception of improper venue and did not address the other exception. This Court reversed that ruling. On remand the trial court sustained Seidman's exception of no cause of action but gave the *1012 plaintiff's ten days to file an amended petition. After the plaintiffs filed their amended petition, Seidman filed another exception of no cause of action. This exception was also sustained by the trial court which dismissed the Simmons' claims against Seidman with prejudice. The Simmonses are now appealing this ruling.

ISSUES
The issues on appeal are 1) whether the trial court erred when it granted the TGX Directors' and Greenwich's exception of prescription, 2) whether the aforementioned defendants' exceptions of no cause of action should now be acted upon or remanded, and 3) whether the trial court erred when it granted defendant BDO Seidman's exception of no cause of action.

ANALYSIS
The first issue we must address is whether the trial court erred when it granted the TGX directors' and Greenwich's exception of prescription. The Simmonses assert three groups of claims against the TGX Directors: (a) Louisiana Blue Sky securities claims, governed by the two-year prescriptive period under La. R.S. 51:714(C)(1); (b) tort claims for fraud, misrepresentation, and tortious interference with contract, governed by the one-year prescriptive period under Civil Code article 3492; and (c) breach of fiduciary duty claims, governed by the general ten-year prescriptive period under Civil Code article 3499.
Before we begin our analysis of whether plaintiffs' Louisiana Blue Sky securities claims have prescribed, we feel compelled to state that this Court has previously found that "R.S. 51:714(C) is a prescriptive, rather than a peremptive statute." Short v. Giffin, 682 So.2d 249, 257 (La.App. 4 Cir.1996). This means that the rules that govern prescription apply in this case. Therefore, these rules determine when prescription begins to toll and whether or not it has been interrupted.
Under the doctrine of contra non valentem, prescription does not begin to toll before a plaintiff knew or should have known of a cause of action, even if that does not occur until long after the wrongful conduct at issue has occurred. Plaquemines Parish Comm'n Council v. Delta Development Co., 502 So.2d 1034, 1056-60 (La.1987). In the instant case, the Simmonses discovered the fraud and misrepresentations made by TGX on March 9, 1989, while engaged in discovery in the federal action involving the sale. The defendants do not dispute that the Simmonses did not have actual knowledge of the misrepresentations at issue here until March 9, 1989. The question now is whether they should have known. "Prescription does not run against one who is ignorant of the facts upon which his cause of action is based, as long as such ignorance is not willful, negligent, or unreasonable." In re Medical Review Panel of Howard, 573 So.2d 472, 474 (La.1991). The Simmonses ignorance was not willful, negligent, or unreasonable. They relied on information that was supplied to them by TGX and which had been reviewed by the independent accounting firm of BDO Seidman and filed with the Securities and Exchange Commission. There was no reasonable way the Simmonses could have discovered the misrepresentations made by the defendants prior to March 9, 1989. The trial court's finding that TGX's misleading 10-Q and 10-K filings should have put the Simmonses on notice at the time of the sale is clearly wrong. These filings were vehicles the defendants used to mislead the Simmonses, the SEC, and others.
Since we have found that prescription did not begin to toll until March 9, 1989, we must determine if this action was brought timely. The applicable prescriptive period for Louisiana securities violations is two years, while tort claims for fraud, misrepresentation, and tortious interference with contract are subject to a liberative prescription period of one year. On March 8, 1990, the plaintiffs filed their federal action against the TGX Directors, Greenwich and others. This filing was within one year of the date of the Simmons' discovery of the fraud so prescription had been interrupted. According to Civil Code article 3463, if an action is brought in a competent court with proper jurisdiction, prescription is interrupted as long as the action is pending. The Simmonses state law claims were dismissed by the federal court *1013 on October 18, 1991. Prior to this, the Simmonses had filed the instant suit in state court on July 24, 1991. It is clear plaintiffs' claim had not prescribed because the federal action was brought within one year of discovery of the fraud and the state suit was filed while the federal action was still pending.
We also find that the Simmonses claim based on breach of fiduciary duty has not prescribed. This claim is subject to a liberative prescriptive period of ten years. It was manifestly erroneous for the trial court to find that this claim had prescribed.
Although we have found that the trial court's ruling that plaintiffs' claims had prescribed was manifestly erroneous, we must now decide whether to address the remaining exceptions raised by the TGX Directors and Greenwich which were not ruled upon by the trial court. Although both sides maintain that this Court may summarily rule on these exceptions, this is a function more properly handled by the trial court. Therefore, we remand for hearing those exceptions not ruled on by the trial court.
The final issue to address is whether the trial court erred when it granted defendant, BDO Seidman's, exception of no cause of action. An exception of no cause of action tests the legal sufficiency of a petition by determining whether the law affords a remedy on the facts alleged in the pleadings. Taylor v. First Jersey Sec., Inc., 533 So.2d 1383, 1385 (La.App. 4th Cir.1988), writs denied, 538 So.2d 593 (La.1989). According to Louisiana Code of Civil Procedure article 931, no evidence may be introduced to support or controvert exceptions of no cause of action. All well pleaded allegations of fact in a plaintiff's petition must be accepted as true. Everything on Wheels Subaru, Inc. v. Subaru South, Inc., 616 So.2d 1234, 1235 (La. 1993). The court may not assume any facts not in a plaintiff's original or amended petitions. Haskins v. Clary, 346 So.2d 193, 195 (La.1977). Any doubts about the sufficiency of a plaintiff's petition must be resolved in favor of the sufficiency of the petition. Weber v. State, 635 So.2d 188, 191-92 (La.1994).
The Simmons' petition as amended alleges several separate causes of action against Seidman: (1) violations of the Louisiana Securities Law; (2) fraud and intentional misrepresentation; (3) conspiracy; and (4) negligent misrepresentation. It is our opinion that the trial court erred when it found that the Simmonses had failed to state a cause of action. After a careful review of the record, we conclude that the Simmonses have sufficiently well plead their case to state several causes of action for which the law provides a remedy. "Of course, the plaintiff at trial must prove the allegations of the petition essential to his cause of action in order to prevail." Id. at 192.
For the foregoing reasons, we reverse the trial court's granting of the defendant TGX directors' exception of prescription and defendant Seidman's exception of no cause of action. We will not address those exceptions not ruled on by the trial court. This case is remanded to the district court for further proceedings consistent with this ruling.
REVERSED AND REMANDED.