|, KIRBY, Judge.
Plaintiffs, Gaylon and Gloria Simmons, appeal the trial court judgment maintaining the exceptions of no cause of action and no right of action filed by defendant, BDO Seidman.[1]
The record in this appeal only contains pleadings and a transcript relating to the exceptions of no cause of action and no right of action filed by BDO Seidman, and by other defendants with whom plaintiffs have settled since this appeal was submitted. Therefore, for a statement of the facts pertinent to this appeal, we must refer to another appeal in the history of the litigation between these parties. In Simmons v. Templeton, 97-2349, 98-0043 (La.App. 4 Cir. 11/10/98), 723 So.2d 1009, writ denied, 98-3050 (La.2/5/99), 738 So.2d 4 and 98-3060 (La.2/5/99), 738 So.2d 5, this Court set out the following statement of facts:
The case arises out of a transaction between Mr. and Mrs. Gaylon D. Simmons (the Simmons) and the TGX Corporation (TGX) which involved the sale and purchase of stock. BDO Seidman was TGX’s accounting firm. The Sim-monses allege that they were misled |2and dealt with in a fraudulent manner by TGX and its directors and that Seid-man aided this fraud by issuing false financial reports which they relied upon.
On October 13, 1986, the Simmonses and TGX executed a stock purchase and sale agreement by which the Simmons *65 would exchange their stock in Louisiana Energy and Development Company (LEDCO), their privately held family corporation, in exchange for preferred stock in TGX and $5,000,000.00. On October 17, 1986, the directors of TGX unanimously approved the agreement. At the closing on November 14, 1986, the Simmonses turned over their LED-CO stock to TGX.
On November 18, 1987, TGX filed suit in federal court against the Simmonses for breach of the TGX/LEDCO sale. The Simmonses filed a counterclaim regarding the same sale against TGX on May 10,1988. This claim alleged among other things that TGX breached representations and warranties in the agreement. The Simmonses contend that they first discovered the fraud and misrepresentations made by TGX on March 9, 1989, during discovery in the federal action. This alleged fraud was evidenced by the extensive rulings against TGX in the National Fuel Gas Company (NFG) litigation and the fact that these rulings were hidden from the Simmons, the SEC, and others. On April 25, 1989, the Simmonses amended their counterclaim against TGX to add causes of action for federal and state securities violations arising out of the same sale. On January 16, 1990, the Simmonses again amended their federal counterclaim and added TGX’s joint tortfeasor, TGX chairman J. C. Templeton, on all federal and state securities violations and other claims.
In February of 1990, TGX filed for bankruptcy largely because of the adverse rulings in the NFG litigation. On March 8, 1990, the Simmonses filed a separate federal action against the nine TGX directors and other joint tortfea-sors for federal and state securities violations and other claims arising out of the same sale. On July 23, 1991, the Simmonses moved to further amend their counterclaim in the 1987 action to add the eight remaining TGX directors and Greenwich Insurance Company. The next day (July 24, 1991), the Sim-monses filed an action in state court against the nine TGX directors, BDO Seidman, and Greenwich Insurance Company alleging state securities law violations as well as fraud, conspiracy, misrepresentation, breach of fiduciary duty, and tortious interference with contract.
⅜ ⅜ ⅜ ⅜ ⅝
BDO Seidman, the other defendant in state court, filed exceptions of improper venue and no cause of action. Initially, the trial court sustained the exception of improper venue and did not address the other exception. This Court reversed that ruling. On remand the trial court sustained Seidman’s exception of no cause of action but gave the plaintiffs ten days to file an amended petition. After the plaintiffs filed their amended petition, Seidman filed another | .¡exception of no cause of action. This exception was also sustained by the trial court which dismissed the Simmons’ claims against Seidman with prejudice.
Id. at pp. 1-3, 723 So.2d at 1010-1012.
In Simmons v. Templeton, supra, this Court found that the trial court erred in granting BDO Seidman’s exception of no cause of action. This Court reviewed the record and reached the conclusion that the plaintiffs’ petition as amended stated several causes of action against BDO Seid-man.[2] The portion of the judgment granting BDO Seidman’s exception of no cause of action was reversed and this case was remanded to the district court for further proceedings.
*66 On March 23, 1999, BDO Seidman filed exceptions of no caüse of action and no right of action in the trial court. In this pleading, BDO Seidman acknowledges that this Court reversed the granting of its exception of no cause of action. However, BDO Seidman states that “[t]he Court of Appeal’s opinion does not address the various theories or outline the elements of which particular cause the factual allegations against Seidman, if true, it considered sufficient to state a claim cognizable at law. Because there is no partial exception of no cause of action, it is unclear as to which alleged causes, if not included with others, the court of appeals would have sustained this Court’s ruling.”-
With regard to its exception of no right of action, BDO Seidman states that La. R.S. 51:712 A(2), upon which plaintiffs rely, has been declared unconstitutional by the Louisiana Supreme Court. Alternatively, BDO Seidman argues that plaintiffs’ claims relate to secondary securities transactions, for which R.S. 51:712 does not grant a cause or right of action. Finally, BDO Seidman states |4that there can be no cause or right of action under the Louisiana Securities Law because no fiduciary relationship or duty of trust is alleged in connection with the private transaction that is the basis for plaintiffs’ claims.
An appellate court’s ruling on an exception is the law of the case if after remand the same point is again asserted in a second appeal to the same Court. Guilbeaux v. Times of Acadiana, Inc., 96-360, p. 4 (La.App. 3 Cir. 3/26/97), 693 So.2d 1183, 1185-1186, writ denied, 97-1840 (La.10/17/97), 701 So.2d 1327. Under the “law of the case” doctrine, an appellate court will generally not reexamine a prior, ruling in the same case, unless the prior ruling is clearly erroneous and would result in a manifest injustice. Scott v. Division of Housing and Neighborhood Development, 97-0636, pp. 5-6 (La.App. 4 Cir. 12/3/97), 703 So.2d 218, 221, writ denied, 98-0289 (La.3/27/98), 716 So.2d 885. Partial judgments on exceptions of no cause of action are prohibited unless there are two or more distinct causes of action. Pape v. ODECO, Inc., 93-1005, p. 7 (La.App. 4 Cir. 9/21/94), 643 So.2d 229, 232. A' cause of action is interpreted to mean the operative facts that give rise to the plaintiffs right to assert his action. Id. at p.7, 643 So.2d at 232, citing Everything on Wheels Subaru, Inc. v. Subaru South, Inc., 616 So.2d 1234 (La.1993).
In this case, this Court, in a prior ruling, found that the plaintiffs sufficiently pled their case to state several causes of action. See Simmons v. Templeton, 97-2349, 98-0043 (La.App. 4 Cir. 11/10/98), 723 So.2d 1009, writ denied, 98-3050 (La.2/5/99), 738 So.2d 4 and 98-3060 (La.2/5/99), 738 So.2d 5. Because we do not find that ruling to be erroneous or resulting in manifest injustice, that ruling is now the law of the case and -will not be reexamined by this Court. The trial court |Berred in granting BDO Seidman’s exception of no cause of action on remand after this Court ruled that she erred in doing so the first time.
Furthermore, in BDO Seidman’s appeal brief and exception of no cause of action filed after remand, it first acknowledges that a partial judgment on the exception of no cause of action is not appropriate in this case, and then seems to suggest that this Court render such a partial judgment. When, as in this case, a plaintiffs theories of recovery arise out of the operative facts of the same transaction or occurrence and the petition states a cause of action as to any demand or theory of recovery, an exception of no cause of action should be overruled. See Sattar v. Royal Sonesta, Inc., 95-0372 (La.App. 4 Cir. 4/26/95), 654 So.2d 836, writ denied, 95-1254 (La.6/23/95), 656 So.2d 1033.
In a supplemental judgment, the trial court ruled that “to the extent that the defendants’ Exceptions of No Right of Action were applicable to any of the matters adjudicated in this Court’s Judgment dated April 15, 1999, the Exceptions of No *67 Right of Action are granted for the reasons set forth in the said April 15, 1999 Judgment which is supplemented hereby.” In the trial court’s reasons for judgment dated April 15, 1999, she stated that she was adopting the reasons set forth by the defendants in their memoranda in support of the exceptions and in their oral argument with one exception, i.e. she did not find that La. R.S. 51:712 A(2) was unconstitutional.
The peremptory exception of no right of action questions whether the party against whom it is asserted has an interest in judicially enforcing the right alleged against the exceptor. Touzet v. V.S.M. Seafood Services, Inc., 96-0225, p. 2 (La.App. 4 Cir. 3/27/96), 672 So.2d 1011, 1012. When considering the exception, the court must ask whether the plaintiff belongs to a particular class for which the | filaw grants a remedy for a particular grievance or whether the plaintiff has an interest in judicially enforcing the right asserted. Id. at pp. 2-3, 672 So.2d at 1012.
Before addressing whether or not plaintiffs have a right of action against BDO Seidman, we conclude that the trial court correctly found that R.S. 51:712 is constitutional in this civil matter. In State v. Powdrill, 95-2307, p. 7 (La.11/25/96), 684 So.2d 350, 356, the Louisiana Supreme Court found a portion of the language of R.S. 51:712 A(2) unconstitutional as applied to criminal cases, (emphasis ours.) That holding has no application in this civil matter.
Because of the wording of the supplemental judgment on the exceptions of no right of action, it is unclear if the trial court found that plaintiffs had no right of action against BDO Seidman. Assuming that the trial court found that plaintiffs had no right of action against BDO Seidman, we find the trial court erred. Plaintiffs have an interest in judicially enforcing the rights asserted in their petitions.
For the reasons stated above, the trial court judgment maintaining BDO Seid-man’s exceptions of no cause of action and no right of action are reversed. This matter is remanded to the trial court for further proceedings.
REVERSED AND REMANDED.

. The trial court judgment also granted exceptions of no cause of action and no right of action filed by defendants, J. C. Templeton, Joe H. Foy, Harry V. Carlson, Robert Ted Enloe, III, W.A. Griffin, Thomas L. Keister, Leonard Leon, Edward T. Cotham, William M. Templeton and their insurer, Greenwich Insurance Company. However, after this appeal was submitted, plaintiffs filed a motion to dismiss their appeal against these defendants because their claims against these defendants have been compromised and settled. In that motion, plaintiffs reserved their rights against defendant BDO Seidman. The motion to dismiss was granted and the order of dismissal was entered on April 4, 2000. For purposes of this appeal, the only remaining defendant is BDO Seidman.

. Although not relevant to this appeal, we note that this Court in Simmons v. Templeton, 97-2349, 98-0043 (La.App. 11/10/98), 723 So.2d 1009, also reversed the trial court’s granting of the TGX directors' exception of prescription and refused to address those exceptions not ruled on by the trial court.