| | | |
|---|---|---|
| MICHAEL DOE AND MARY DOE, INDIVIDUALLY | * | NO. 2022-C-0685 |
| AND ON BEHALF OF THEIR | * | |
| MINOR CHILD, TOMMY DOE | | COURT OF APPEAL |
| | * | |
| | | FOURTH CIRCUIT |
| VERSUS | * | |
| | | STATE OF LOUISIANA |
| GULF SOUTH AUTISM | * * * * * * * | |

GULF SOUTH AUTISM
CENTER; KEVIN J.
BIANCHINI, PH.D., LLC;
KEVIN BIANCHINI, PH.D.,
CAROLYN BARAHONA,
PH.D.; CAROLYN
BARAHONA, PH.D., LLC;
BIANCHINI-ESTEVE, LLC;
BIANCHINI-
ESTEVE/BARAHONA, LLC;
BRIAN ESTEVE, PH.D.;
MADISON KNAPP; EMILY
HUESMANN;
AND XYZ INSURANCE
COMPANY(IES)

APPLICATION FOR WRITS DIRECTED TO
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2020-05482, DIVISION "G-11"
Honorable Robin M. Giarrusso, Judge
* * * * * *
**Judge Roland L. Belsome**
* * * * * *

(Court composed of Judge Edwin A. Lombard, Judge Roland L. Belsome, Judge Daniel L. Dysart)

Jody J. Fortunato
Philip F. Cossich
David Parsiola
Christian M. Cossich
COSSICH SUMICH PARSIOLA & TAYLOR, LLC
8397 Highway 23
Suite 100
Belle Chasse, LA 70037

George L. Gibbs
LEEFE GIBBS SULLIVAN & DUPRÉ, LLC
3900 North Causeway Boulevard
1470 One Lakeway Center
Metairie, Louisiana 70002

COUNSEL FOR PLAINTIFF/RELATORS MICHAEL AND MARY DOE, INDIVIDUALLY AND ON BEHALF OF THEIR MINOR CHILD, TOMMY DOE

Allen C. Miller
Ashley J. Heilprin
James H. Gilbert
PHELPS DUNBAR, LLP
365 Canal Street
Suite 2000
New Orleans, LA 70130-6534

COUNSEL FOR DEFENDANT/RESPONDENTS CAROLYN BARAHONA, PH.D., CAROLYN BARAHONA, PH.D., AND TOKIO MARINE SPECIALTY INSURANCE COMPANY

Don S. McKinney
Erica P. Sensenbrenner
ADAMS AND REESE, LLP
701 Poydras Street
Suite 4500
New Orleans, LA 70139

COUNSEL FOR DEFENDANT/RESPONDENTS GULF SOUTH AUTISM CENTER, KEVIN J. BIANCHINI, PH.D, LLC, KEVIN BIANCHINI, PH.D, BIANCHINI-ESTEVE, LLC, AND BIANCHINI-ESTEVE-BARAHONA, LLC

Keith W. McDaniel
Denman T. Mims
McCRANIE, SISTRUNK, ANZELMO, HARDY, MCDANIEL & WELCH, LLC
909 Poydras Street
Suite 1000
New Orleans, LA 70112

COUNSEL FOR DEFENDANT/RESPONDENTS EMILY HUESMANN AND MADISON KNAPP

**WRIT GRANTED;**
**JUDGMENT REVERSED AND REMANDED**
**DECEMBER 20, 2022**

This application for supervisory writ involves the alleged abuse of an autistic child, Tommy Doe,[1] while a student in treatment at the Gulf South Autism Center ("GSAC"). The judgment of the trial court sustained a partial peremptory exception of no cause of action as to some but not all of the plaintiff's theories of recovery, dismissing all claims brought in their individual capacities, including a claim for loss of consortium. Because sustaining a partial peremptory exception of no cause of action as to less than all of a plaintiff's theories of recovery is procedurally improper, this Court grants the application, reverses the trial court's judgment *in toto*, and remands for further proceedings.

## FACTUAL AND PROCEDURAL BACKGROUND[2]

Tommy Doe was enrolled at GSAC beginning in the summer of 2017. GSAC is a preschool program in New Orleans, Louisiana, which offered services

---

[1] Tommy Doe's name, as well as those of his parents Michael and Mary Doe, are fictitious names which are used in order to protect Tommy's identity.

[2] Because a plaintiff's allegations are accepted as true for the purposes of deciding a peremptory exception of no cause of action, the facts recited in this opinion are summarized from the plaintiff's Petition for Damages and First Supplemental and Amended Petition for Damages. *E.g. Kunath v. Gafford*, 2020-01266, p. 7 (La. 9/30/21), 330 So. 3d 161, 166 (a no cause of action exception "is decided exclusively on the allegations of a plaintiff's petition.").

1

for children with autism like Tommy. From his enrollment until January of 2019, Tommy was a happy and well-adjusted autistic student at GSAC. However, that started to change in January 2019, when Tommy began to manifest unexplained physical and emotional symptoms, including a severe aversion to food, stomach aches, and extreme agitation and nervousness. In May 2020, Tommy's parents, Michael and Mary Doe, learned from GSAC employees, fellow parents, and news reports that Tommy had been mistreated at GSAC, beginning in January 2019.

On July 2, 2020, Tommy's parents filed suit (both on behalf of their minor son and in their individual capacities) against GSAC, Dr. Carolyn Barahona, and various other defendants affiliated with GSAC.[3] In the Does' Petition and Supplemental and Amending Petition,[4] they alleged that Tommy was abused while under the GSAC's care. Included in the Does' allegations was that:

> (a) **Tommy Doe was force fed by Barahona, or aides under her direction, who sat behind him in his chair, shoved food in his mouth, and held his lips shut**[;]

---

[3] In addition to GSAC, the Does named as defendants: Dr. Carolyn Barahona, Ph.D (as an employee/independent contractor at GSAC who was responsible for Tommy's supervision, monitoring, and/or safety); Dr. Kevin Bianchini, Ph.D (same); Dr. Brian Esteve, Ph.D (same); Madison Knapp (same); and various Limited Liability Companies affiliated with Dr. Barahona, Dr. Bianchini, and Dr. Esteve.

[4] The Does supplemented their original Petition with a Supplemental and Amending Petition on June 30, 2022, which joined defendants Emily Huesmann as well as various insurers of the defendants (Tokio Marine Specialty Insurance Company, as insurer of Dr. Barahona and Carolyn Barahona, Ph.D, LLC; Ace American Insurance Company, as insurer of GSAC and some of the defendants' LLC's; Philadelphia Indemnity Insurance Company, as insurer of Dr. Brian Esteve, Ph.D; and Great Lakes Insurance SE, as insurer of Kevin Bianchini, Ph.D, LLC and 7252 Lakeshore Drive, GSAC's address). Additionally, the Supplemental and Amending Petition clarified the Does' claims asserted in their individual capacities, including a claim for loss of consortium.

(b) Tommy Doe was subjected to behavioral protocol[5] even during lunch, and as a result was given no recess. Thus, since Barahona's class had only one short break, for lunch and recess, Tommy Doe had no play time at all and spent most recesses punished, in a chair in the gym facing the wall;

(c) Tommy Doe was subjected to emotional distress to the extent that he was told that he was happy despite the fact he was crying.

(d) Tommy Doe was force fed, and made to clean up his own vomit and eat it;

(e) Tommy Doe was terrified of the trampoline and being zipped inside of it and screamed with terror when forced inside by the aides.

(Emphasis in original). The Does partially attribute this alleged abuse to the hiring and negligent training/supervision of two of GSAC's employees, defendants Madison Knapp and Emily Huesmann. The Does allege that while Dr. Barahona (as team leader of Tommy's group/class) was at all times directly responsible for Tommy's supervision, monitoring, and care, she was rarely present in Tommy's class and left his supervision to Knapp and/or Huesmann, who were not Board Certified Behavior Analysts, and whose training consisted of a mere six hours of training videos viewed in Dr. Barahona's office while she was not present. The Does allege that Dr. Barahona's training and supervision of Knapp and/or Huesmann was negligent.

Additionally, the Petition alleges that the defendants hid their acts/omissions from the Does. The Does allege that the defendants failed to inform them of Tommy's behavior problems at school or GSAC's response thereto (the "behavioral protocol", *see footnote 4*), and misled them as to Tommy's progress in

---

[5] "Behavioral protocol" refers to the response of GSAC or its employees when a student misbehaved, such as force-feeding. The Does' petition alleges that they were never informed as to the behavioral protocol, that it was not described on GSAC's website, and that such a protocol was contrary to Applied Behavior Analysis (a science devoted to improving socially significant behavior in children with autism).

the school when they were told he had a "great day" while the defendants hid the portion of the "daily data sheet" which contained records of the Tommy's problems and the "behavioral protocol" allegedly employed by GSAC and/or its employees. Finally, the Does allege they were never provided with the results of an investigation into the defendants treatment of Tommy, which were promised to them.

Regarding damages, the Does allege that as a result of the defendants' acts/omissions during this time period (beginning in January 2019 with the hiring of Knapp and Huesmann), Tommy developed severe and unexplained emotional and physical symptoms for which there was no physical basis, including a severe aversion to food, complaints of stomach aches, a need to vomit, refusal of food, and extreme agitation and nervousness. Tommy also began to resent going to school. The Does allege that Tommy's damages include: past, present, and future physical pain and suffering; past, present, and future mental pain, suffering, and anguish; past, present, and future medical bills; past, present, and future loss of income and earning capacity; past, present, and future loss of life's enjoyment; and loss of the services for which his parents contracted the defendants.

In addition to the damages suffered by their son Tommy, the Does allege their own damages. Specifically, in their Petition for Damages the Does allege: past, present, and future mental pain, suffering, and anguish; past, present, and future medical bills (including reimbursement for speech therapy contracted for but

not provided); past, present, and future loss of income and earning capacity; past, present, and future loss of life's enjoyment; and loss of hope for Tommy.

On June 30, 2022, the Does filed a Supplemental and Amended Petition. In addition to naming additional defendants, the Amended Petition clarified the Does' claims brought in their individual capacities. Specifically, the Does allege a past, present, and future loss of consortium; past, present, and future loss of affection; past, present, and future loss of support; and past, present and future loss of services. Additionally, the Amended Petition clarified that the Does' claims for mental anguish and emotional distress were made under the holding of *Clomon v. Monroe City Sch. Bd.*, 572 So. 2d 571, 584 (La. 1990) (holding that "a plaintiff may recover for his mental anguish resulting from another's injuries when the anguish is in fact caused by the breach of a primary and independent legal or contractual duty which is owed directly to the aggrieved plaintiff"), and *Stanton v. Entergy Louisiana, LLC*, 2021-0367 (La. App. 4 Cir. 11/24/21), 332 So. 3d 163,169 (recognizing that under *Clomon* a "participant" in the complained-of accident may recover damages for their emotional distress, under certain circumstances).

On July 15, 2022, defendants Dr. Barahona and the LLC bearing her name filed a Peremptory Exception of No Cause of Action, arguing that (1) on behalf of their son Tommy, the Does failed to state a cause of action for breach of contract; and that (2) in their individual capacities, the Does failed to state *any* cause of action. Regarding the latter exception, Dr. Barahona and her LLC argued that the

Does failed to state a claim under *Clomon* because the only duty owed by the defendants was to Tommy, rather than to his parents. Further, the exception argued that the Does failed to state a claim for bystander damages under La. C.C. art. 2315.6, which specifies that a claimant must actually observe the injury or come upon the scene of the injury soon thereafter in order to state a claim for bystander damages. Defendant Dr. Esteve adopted Dr. Barahona's exception in full, repeating that the Does had failed to state any claim for breach of contract, and failed to state a claim for bystander damages. GSAC, Dr. Bianchini, and other LLC defendants[6] also excepted on similar grounds. Defendant Tokio Marine Specialty Insurance Company adopted in full Dr. Barahona's exception. Finally, defendants Huesmann and Knapp adopted both Dr. Barahona's and Dr. Bianchini's exceptions, in full. Notably, while these exceptions argued that the Does had failed to state "any" claim in their individual capacities, they failed to address how the Does' Petitions failed to state a claim for consortium damages, which is a relational claim merely allowing family members of a directly-injured plaintiff to recover from a liable defendant for their loss of services, support, and love and affection from the directly-injured plaintiff (see footnote 7).

After a hearing, on September 19, 2022, the trial court granted the exceptions, dismissing (1) "[a]ll claims brought by Plaintiffs Michael Doe and Mary Doe, individually" and (2) "all breach of contract claims brought by Michael and Mary Doe, on behalf of the minor child Tommy Doe." On October 9, the trial

---

[6] Kevin J. Bianchini, Ph.D, LLC; Bianchini-Esteve, LLC; and Bianchini-Esteve-Barahona, LLC.

court rendered identical relief to defendants Huesmann and Knapp, who were not included in the September 19, 2022 judgment. On October 19, 2022, the Does timely applied for supervisory writ to this Court regarding both of these interlocutory judgments.

## DISCUSSION

In the Does' application for supervisory writ, they set forth a sole assignment of error: that the trial court erred in dismissing the Does' claim of loss of consortium, brought in their individual capacities. While this assignment of error has merit,[7] this Court additionally finds a procedural error in the trial court's judgments, and thus reverses them *in toto*.

Louisiana jurisprudence "has long disfavored the granting of partial exceptions of no cause of action." *Scott v. Zaheri*, 2014-0726, p. 3 (La. App. 4 Cir. 12/3/14), 157 So.3d 779, 782-83 (citing *Everything on Wheels Subaru, Inc. v.*

---

[7] Plaintiff argues that they have stated a cause of action for consortium damages sufficient to survive an exception of no cause of action. This Court agrees. The Supreme Court has held that:

> Loss of consortium is a harm to relational interest which occurs when the other party to the relationship suffers physical harm (invasion of an interest or personality). *Ferrell v. Fireman's Fund Ins. Co.*, 96–3028, p. 8 (La.7/1/97), 696 So.2d 569, 574. Thus, under La. C.C. art. 2315(B), family members of the primary tort victim have an action, loss of consortium, that will compensate them for their diminished relationship with the primary tort victim.

*McGee v. A C And S, Inc.*, 2005-1036, p. 13 (La. 7/10/06), 933 So. 2d 770, 779; *see also* La. C.C. art. 2315 ("[e]very act of man that causes damage to another obliges him by whose fault it happened to repair it."). This Court has held that "[a] successful claimant for loss of consortium damages must prove three things: 1) the liability of the defendant, 2) his or her [close family member]'s damages, and 3) his or her consequent loss of consortium damages." *Cooper v. Liberty Mut. Ins. Co.*, 1996-1522, p. 11 (La. App. 4 Cir. 8/20/97), 699 So. 2d 115, 120.

In the case *sub judice*, the Does have alleged that due to the defendants' negligence, medical malpractice, and/or intentional misconduct, their son Tommy suffered damages. Additionally, in their individual capacity, the Does allege that as a result of Tommy's damages, they themselves have suffered a loss of consortium, including loss of affection, loss of support, and loss of services. When ruling on a peremptory exception of no cause of action, a plaintiff's allegations are taken as true. *Kunath*, 2020-01266, p. 7 (La. 9/30/21), 330 So. 3d 161, 166. Thus, this Court finds the trial court's judgment dismissing such claims to be erroneous, as well as procedurally improper (as discussed below).

*Subaru S., Inc.*, 616 So.2d 1234, 1239 (La. 1993)). This is because the granting of a partial peremptory exception of no cause of action "forces an appellate court to consider the merits of the action in a piecemeal fashion." *Id.*, 2014-0726, p. 17, 157 So.3d at 789 (quoting *Subaru*, 616 So.2d at 1236). In 1993, the Louisiana Supreme Court formulated a framework for when a partial peremptory exception of no cause of action may be properly sustained by a trial court, and when it may not: in *Everything on Wheels Subaru, Inc. v. Subaru S., Inc.*, the Supreme Court held that:

> [A] trial court, in considering an exception of no cause of action in multi-claim litigation in which the court might rule in favor of the exceptor on less than all claims or on the rights of less than all parties, must first determine whether (1) the petition asserts several demands or theories of recovery based on a single cause of action arising out of one transaction or occurrence, or (2) the petition is based on several separate and distinct causes of action arising out of separate and distinct transactions or occurrences. If the former, the court should overrule the exception of no cause of action when the petition states a cause of action as to any demand or theory of recovery.

616 So.2d 1234, 1242 (La. 1993). The Supreme Court explained in *Subaru* that when the plaintiff's theories of recovery arise from a singular set of operative facts, "[t]here is only one cause of action (although several demands or theories of recovery may be asserted thereon)." *Id.*, 616 So.2d at 1238-39.

In the case *sub judice*, the trial court sustained the peremptory exceptions of no cause of action as to (1) all the Does' claims brought in their individual capacity; and (2) the Does' claim *for breach of contract* brought on behalf of their minor son, Tommy. Thus, the trial court granted a partial peremptory exception, leaving for trial the Does' remaining claims brought on behalf of their son,

including medical malpractice, negligent training/supervision, and intentional misconduct. It is clear from the pleadings, however, that all of the Does' claims (including both the breach of contract claims brought on behalf of Tommy as well as all the claims asserted in their individual capacities) arise from the same transaction or occurrence; namely, the treatment Tommy Doe received while enrolled at GSAC. On behalf of their son, the Does allege that the same acts/omissions of the defendants constituting medical malpractice, negligent training/supervision, and/or intentional misconduct also constitute breach of contract; and, by necessity, all claims of consortium damages arise from the same transaction or occurrence that give rise to the primary plaintiff's damages. Thus, this case fits squarely into the first category of cases described in *Subaru*, and the trial court's judgment dismissing some but not all of the Does' claims was therefore procedurally improper. This Court has consistently applied the *Subaru* framework[8] and, in a case similar the one *sub judice*, has specifically held that a trial court errs when it grants a peremptory exception of no cause of action regarding claims brought in a plaintiff's individual capacity while leaving for trial the plaintiff's claims brought on behalf of another. *Parker v. Paladin Contractors, LLC*, 2020-0492, p. 7-15 (La. App. 4 Cir. 3/3/21), 314 So. 3d 1128, 1134-1139 (citing *Talbot v. C & C Millworks, Inc.*, 97-1489 (La. App. 1 Cir. 6/29/98), 715 So. 2d 153).

---

[8] *Green v. Garcia-Victor*, 2022-0413 (La. App. 4 Cir. 9/7/22), 348 So. 3d 799; *Waiters v. deVille*, 2019-1048 (La. App. 4 Cir. 4/22/20), 299 So. 3d 728; *Simmons v. Templeton*, 1999-1978 (La. App. 4 Cir. 4/12/00), 762 So. 2d 63.

## CONCLUSION

For the foregoing reasons, we find the trial court's judgment granting the partial exceptions of no cause of action was procedurally improper. Therefore, we grant the writ application, reverse the trial court's September 19, 2022 and October 7, 2022 judgments *in toto*, and remand for the case to proceed to trial on all of the Does' claims.

**WRIT GRANTED;**
**JUDGMENT REVERSED AND REMANDED**

10