| | | |
|---|---|---|
| **DOROTHY M. SHALL AND DAVID L. SHALL** | * | **NO. 2023-C-0794** |
| | * | |
| **VERSUS** | | **COURT OF APPEAL** |
| | * | |
| **JEAN SHALL MCAULIFFE** | | **FOURTH CIRCUIT** |
| | * | |
| | | **STATE OF LOUISIANA** |

\* \* \* \* \* \* \*

APPLICATION FOR WRITS DIRECTED TO
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2023-00002, DIVISION "C"
Honorable Sidney H. Cates, Judge
\* \* \* \* \* \*
**Judge Rosemary Ledet**
\* \* \* \* \* \*

(Court composed of Judge Daniel L. Dysart, Judge Rosemary Ledet, Judge Paula A. Brown)

George B. Jurgens, III
Timothy S. Maddem
W. Spenser King
KING & JURGENS, L.L.C.
201 St. Charles Avenue, 45th Floor
New Orleans, Louisiana 70170

  COUNSEL FOR RELATORS/PLAINTIFFS
  DOROTHY M. SHALL AND DAVID L. SHALL

Robert A. Kutcher
Nicole S. Tygier
3501 N. Causeway Blvd., Suite 600
Metairie, Louisiana 70002-8130

  COUNSEL FOR RESPONDENT/DEFENDANT
  Jean Shall McAuliffe

      **WRIT GRANTED;
      NOVEMBER 17, 2023 JUDGMENT
      REVERSED; AND REMANDED
      January 10, 2024**

*RML*
*DLD*
*PAB*

Relators/Plaintiffs—Dorothy M. Shall and David L. Shall (collectively

"Shall Petitioners")—seek review of the trial court's November 17, 2023 judgment

sustaining in part the exceptions of no cause of action filed by

Respondent/Defendant—Jean Shall McAuliffe ("Ms. McAuliffe"). For the reasons

that follow, we grant Shall Petitioners' writ application, reverse the trial court's

judgment, and remand for further proceedings.

*Factual and procedural background*

In January 2023, Shall Petitioners filed a verified petition for declaratory

judgment.[1] In their petition, Shall Petitioners sought to revoke (or to dissolve)

certain donations of limited liability company membership interests. The donations

at issue were made by Dorothy Shall and her late husband, Philip B. Shall,

---

[1] Dorothy Shall and her son, David Shall, in his capacity as Dorthy Shall's mandate, filed the petition. Dorothy Shall brought the action in her individual capacity, as well as the successor in interest to her late husband, Philip Shall. About six months before this suit was filed—in July 2022—Philip Shall passed away, leaving his entire estate to Dorothy Shall, as his universal legatee.

(collectively "Shall Parents") to one of their five children, Ms. McAuliffe.[2] Shall

Petitioners sought to revoke the donations pursuant to La. C.C. arts. 1556[3] and

1557.[4]

As stated in the petition, Shall Parents owned two properties; one in the New

Orleans French Quarter—at 641 Bourbon Street; the other in the Bayou St. John

area—at 1318 Moss Street. Shall Parents managed and leased both properties as

their income source. Shall Parents placed the two properties into separate limited

liability companies—the 641 Bourbon Street property was placed into 641

Bourbon Street, LLC in December 2012; and the Moss Street property was placed

into Bayou St. John Bed & Breakfast, LLC ("Bayou LLC") in September 2018.

Thereafter, Shall Parents executed acts of donation for each LLC, donating their

ownership interests to their five children in equal portions (20% each child).

In their petition, Shall Petitioners allege that "[a]t the time of these

donations, [Shall Parents] and each of the five donees understood that the

---

[2] Shall Parents had five children—Elaine Shall, Don Shall, Phyllis Shall, David L. Shall (one of Shall Petitioners), and Jean Shall McAuliffe (Respondent/Defendant).

[3] La. C.C. art. 1556 provides:

> A donation inter vivos may be revoked because of ingratitude of the donee or dissolved for the nonfulfillment of a suspensive condition or the occurrence of a resolutory condition. A donation may also be dissolved for the nonperformance of other conditions or charges.

[4] La. C. C. art. 1557 provides:

> Revocation on account of ingratitude may take place only in the following cases:
>
> (1) If the donee has attempted to take the life of the donor; or
>
> (2) If he has been guilty towards him of cruel treatment, crimes, or grievous injuries.

donations were subject to the condition that the income generated from 641 Bourbon [Street, LLC] and the assets of the company would be used to support [Shall Parents] and fulfill their economic wants during their lifetimes." Shall Petitioners made identical allegations regarding the income generated from Bayou LLC, the LLC that was created from the Moss Street property. But, no language regarding these conditions appears in the acts of donations.

In July 2022, the day after Philip Shall passed away, the Moss Street property was sold. Shall Petitioners alleged in the petition that "[i]t was understood that the cash generated from the sale would be invested by the LLC and used to support Dorothy [Shall] . . . without scrutiny or interference from the donees." Shall Petitioners further alleged that Ms. McAuliffe demanded that the co-managers of the LLC, David Shall and Elaine Shall, (collectively "Managers") distribute the cash generated from the sale to the members of the LLC. Shall Petitioners asserted that this demand was refused because it was in contravention of the LLC's understood purpose. Shall Petitioners further alleged that Ms. McAuliffe attempted to interfere with the management and operation of 641 Bourbon, LLC.

In October 2022, Ms. McAuliffe provided notice that she was withdrawing from the Moss Street property LLC and demanded payment of the fair market value of her 20% interest immediately. Managers allegedly attempted to persuade Ms. McAuliffe not to do so. In December 2022, Dorothy Shall issued correspondence to Ms. McAuliffe, asking her to "drop this effort to withdraw from

3

[Bayou LLC] and take $290,616.06 from the LLC[.]" Ms. McAuliffe, through counsel, sent an email in December 2022, requesting that payment for her 20% share of the Moss Street property be tendered by 9:00 a.m. on January 3, 2023. Shall Petitioners alleged that Ms. McAuliffe's actions constituted acts of ingratitude towards Shall Parents.

As a consequence of Ms. McAuliffe's actions, Shall Petitioners asserted their right pursuant to La. C.C. art. 1557 to revoke Shall Parents' donations of an interest in the two LLCs made to Ms. McAuliffe, retroactive to the date they were made. Alternatively, Shall Petitioners sought to dissolve the donations made to Ms. McAuliffe pursuant to La. C.C. art. 1563, retroactive to the date the donations were made, "due to the non-fulfillment of a condition imposed on the donation[s.]"

In response to the petition, Ms. McAuliffe filed exceptions of no cause of action, contending that Shall Petitioners' petition failed to state a cause of action in a trio of ways:

- Failed to state a cause of action for the revocation of a purely gratuitous donation by Philip Shall, as all alleged acts of ingratitude occurred after his death;

- Failed to state a cause of action for the revocation of a purely gratuitous donation for failure to fulfill a condition imposed by the donor, Dorothy Shall, which was an authentic act containing no conditions, which cannot be altered by parole evidence; and

- Failed to state a cause of action for the return of all fruits of the donation since inception realized before the demand for revocation pursuant to La. C.C. art. 1566 (in the event that the donations are revoked).

4

Following a hearing, the trial court granted the exceptions of no cause of action only as to the claims advanced on behalf of Philip Shall; the trial court denied the remaining exceptions. This writ followed.

*Discussion*

When reviewing a trial court's ruling sustaining an exception of no cause of action, an appellate court applies a *de novo* standard. *See Ross v. State through Univ. of Louisiana Sys.*, 22-0382, p. 6 (La. App. 4 Cir. 11/18/22), 352 So. 3d 90, 94. This Court has recognized the well-settled principle that with respect to exceptions of no cause of action, "any doubt must be resolved in the plaintiffs' favor." *Ross*, 22-0382, p. 8, 352 So.3d at 95. This Court also has recognized that "Louisiana jurisprudence 'has long disfavored the granting of partial exceptions of no cause of action.'" *Scott v. Zaheri*, 14-0726, p. 3 (La. App. 4 Cir. 12/3/14), 157 So.3d 779, 782-83 (citing *Everything on Wheels Subaru, Inc. v. Subaru S., Inc.*, 616 So.2d 1234, 1239 (La. 1993)).

Although La. C.C.P. art. 1915 authorizes a trial court to sustain an exception as to one or more but less than all of the claims, demands, issues, or theories against a party, "the Louisiana Supreme Court has found that such a partial judgment is improper when the adjudicated claim forms the basis for several other theories of recovery against the same defendants." *Robert v. Robert Mgmt. Co., LLC*, 13-1043 (La. App. 4 Cir. 12/19/13) (*unpub.*), 2013 WL 8151042, *3 (citing *Subaru*, 616 So.2d at 1239, for the proposition that "a partial judgment on an exception of no cause is inappropriate when the two or more claims arise out of the same operative facts").

In *Subaru*, Supreme Court set forth the following two rules:

[Rule One:] If there are two or more items of damages or theories of recovery which arise out of the operative facts of a single transaction or occurrence, a partial judgment on an exception of no cause of action should not be rendered to dismiss one item of damages or theory of recovery. In such a case, there is truly only one cause of action, and a judgment partially maintaining the exception is generally inappropriate.

[Rule Two:] However, if two or more actions are cumulated which could have been brought separately because they were based on the operative facts of separate and distinct transactions or occurrences, a partial judgment may be rendered to dismiss one action on an exception of no cause of action, while leaving the other actions to be tried on the merits. In such a case, there are truly several causes of action, and a judgment partially maintaining the exception as to one separate and distinct cause of action is generally appropriate.

616 So.2d at 1239.

When *Subaru* Rule One applies, this Court has consistently held that it is improper to grant a partial exception of no cause of action. *See Simmons v. Templeton*, 99-1978, p. 5 (La. App. 4 Cir. 4/12/00), 762 So.2d 63, 66 (observing that "[when] a plaintiff's theories of recovery arise out of the operative facts of the same transaction or occurrence and the petition states a cause of action as to any demand or theory of recovery, an exception of no cause of action should be overruled"); *see also Adema v. S. Nat. Gas Co., L.L.C.*, 23-0052 (La. App. 4 Cir. 5/1/23), 367 So.3d 773; *Doe v. Gulf S. Autism Ctr.*, 22-0685 (La. App. 4 Cir. 12/20/22), 356 So. 3d 79; *Parker v. Paladin Contractors, LLC*, 20-0492 (La. App. 4 Cir. 3/3/21), 314 So.3d 1128; *Waiters v. deVille*, 19-1048 (La. App. 4 Cir. 4/22/20), 299 So.3d 728.

Recapping, this Court, as a commentator has observed, has held that "a partial exception of no cause of action is only appropriate where the petition is based on several separate and distinct causes of action arising out of separate and distinct transactions or occurrences" and that "[a] district court errs by granting a

partial exception of no cause of action when the claim arises out of the same transactions and occurrences as the remaining claims." Judge Steven R. Plotkin, *et al.*, 2 LA. PRAC. CIV. PROC., Article 927 (2023 ed.) (citing *Paladin Contractors*, *supra*).

Here, Shall Petitioners contend that this case unequivocally falls within *Subura* Rule One, such that that a trial court errs when it dismisses some, but not all, of the claims asserted by the plaintiffs. We agree. All of the claims asserted by Shall Petitioners arise from a singular set of operative facts—Ms. McAuliffe's actions committed from mid-2022 onward toward her mother. Stated otherwise, there is only one set of operative facts—even though those facts arguably do not apply to Philip Shall. Given that all the claims arise out of the same transactions and occurrences, this case falls within *Subaru* Rule One. Thus, the trial court erred in granting the partial exception of no cause of action.

*Decree*

Accordingly, we grant Shall Petitioners' writ, reverse the trial court's November 17, 2023 judgment, and remand for further proceedings.

**WRIT GRANTED; NOVEMBER 17, 2023 JUDGMENT REVERSED; AND REMANDED**